COMMONWEALTH *vs.* GEORGE A. CULVER & another.

Middlesex.   Jan. 1. — April 8, 1879.   COLT & ENDICOTT, JJ., absent.

At the trial of a criminal case, if the government offers to prove a confession of the defendant, and the latter objects to its admission, on the ground that it was induced by offers of favor made to him by the officer who arrested him and had him in custody, and the officer is called by the government and denies that he made such offers of favor, and the defendant then offers evidence to prove that he did, it is the duty of the judge to hear such evidence before admitting the confession.

INDICTMENT on the Gen. Sts. *c.* 161, § 12, charging the defendants with breaking and entering, on March 27, 1876, the shop of George M. Crawford, at Ayer, with intent to steal.·

At the trial in the Superior Court, before *Allen,* J., the government offered to prove confessions made by the defendants. The defendants objected to their admission, on the ground that they were made in consequence of offers of favor made to the defendants by the officer who arrested the defendants and had them in custody; that these offers were carried to the defendants, by request of the officer, before the confessions were made; and that the confessions were induced by the offer.

At the suggestion of the judge, the government called as a witness the officer who made the arrest; and he denied that he made any offers of favor to the defendants, or had caused any offers of favor to be carried to the defendants by others. The defendants then offered to call five different witnesses to prove the truth of their claim, and asked the judge to hear them, and first to determine whether the confessions ought to be received. The judge declined to admit the evidence at that stage of the case, but admitted the confessions.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*T. H. Sweetser & G. A. A. Pevey,* for the defendants.

*J. F. Brown,* Assistant Attorney General, (*C. R. Train,* Attorney General, with him,) for the Commonwealth.

LORD, J.   The only question which this case presents is, whether it was error in the presiding judge to refuse to hear the evidence offered by the defendants, at the time it was tendered,

relating to the inducements held out to the defendants for the purpose of obtaining the confessions offered in evidence by the government; and we think it was. There is undoubtedly a large discretion vested in the presiding justice at a trial, in reference to its conduct and to the order of proofs. In this case, when the evidence was offered by the government, it was objected to as incompetent. Its competency was a question of law, and was to be decided by the court. *Prima facie*, it was competent; but the defendants contended that it was incompetent by reason of certain extrinsic facts. It was for the defendants to establish those facts, and it was the duty of the presiding judge to ascertain whether they existed, before admitting the evidence. It appears by the bill of exceptions, that, when the confessions of the defendants were offered in evidence, they objected to such confessions, upon the ground " that they were made in consequence of offers of favor made to the defendants by the officer who arrested the defendants and had them in custody." If this were true, and the defendants could establish the fact, the confessions were incompetent evidence. It was the duty of the presiding judge to determine that fact, upon hearing all competent evidence upon it which was tendered by either party. In the absence of all evidence, the presumption is that a confession is voluntary; and when the party confessing objects that confessions are not voluntary, he is called upon to show, at least, enough to rebut such presumption. Instead, however, of calling upon the defendants thus to repel the presumption, the presiding judge suggested that the officer be called by the district attorney; and he was called, and denied having made offers of favor to the defendants to induce the confessions. The defendants then offered to call five different witnesses to prove the truth of their claim. The court declined to admit the testimony, " at that stage of the case, but admitted the confessions." That, however, was the only stage of the case at which the evidence could be admitted for the purpose for which it was offered, to wit, to show that the proposed confessions were incompetent.

A civil case in which the same principle was involved is *Richardson* v. *Lloyd*, 99 Mass. 475. That was a petition for the review of an action upon the ground of newly discovered evidence. The newly discovered evidence was a paper, which at

the time of the trial of the action was supposed to be lost, and the respondent had testified to its contents. The petitioner called witnesses, who testified what the respondent had upon the former trial stated to be the contents of the paper. The other party offered evidence in contradiction of such testimony, and offered to prove what in point of fact the respondent had testified the contents of the paper to be. Such evidence was excluded. The court, in sustaining the exceptions, after referring to the fact that the petitioners were bound to establish the truth of their allegations, that the evidence was new and material, and after referring to the fact that the judge heard evidence on one side, and refused to hear evidence on the other, added: " This was error. No fact is legally proved, in judicial proceedings, by parol evidence upon one side only, when competent and proper opposing testimony is rejected."

We are aware that it is not an uncommon practice in the trial of criminal causes, when confessions of a defendant are offered in evidence, and objected to upon the ground that they were improperly obtained, for the presiding judge to allow the confessions, and all the evidence bearing upon the manner in which they were obtained, to be submitted to the jury, either to be rejected by the jury wholly, or to be allowed such weight as under all the circumstances the jury deem it proper to give them. This, however, as we understand it, is rather by consent than otherwise, neither party desiring to take the decision of the presiding judge upon the question of competency. There may be, however, and commonly are, two questions: first, the competency of the evidence, and, secondly, the weight of the evidence; the former is always a question of law, the latter is always a question of fact. The prisoner has always the right to require of the judge a decision of the competency of the evidence; and, even after the judge has decided the evidence to be competent, the prisoner has the right to ask of the jury to disregard it, and to give no weight to it, because of the circumstances under which the confessions were obtained. In the case at bar, however, the counsel for the prisoners insisted upon their right to have the judge decide upon the competency of the evidence, and tendered evidence of its incompetency; this evidence it was the duty of the presiding judge to hear. The evidence having been

tendered at a stage of the case in which it was the duty of the
defendants to offer it, and the presiding judge having refused to
hear it at that time, the exception to his refusal to hear it must
be                                                    *Sustained.*