THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. EARL Fox, Respondent.

When a written confession of guilt is offered in evidence against a person on trial for a criminal offense, and he objects to its admission, and offers to prove that it was procured by threats or promises, or under such circumstances as would render it incompetent as evidence, it is error to receive it without first hearing the proof offered, and deciding upon the competency of the confession.

Upon the trial of an indictment for robbery, the prosecution testified that the crime was committed by five persons. A written confession of guilt signed by defendant was given·in evidence. It stated in substance that the crime was committed by defendant and four others who were named. It appeared that defendant, when arrested, was intoxicated; that at about two o'clock the same night he was aroused from sleep by a justice of the peace, who presented to him the confession which had been prepared by the justice and the district attorney; this was read to the defendant who had not recovered from his intoxication; he signed it by making his mark and swore to it before the justice. Defendant offered to prove by the persons named in the paper and other witnesses that they were not and could not have been at the place of the crime, but were in other places. This testimony was excluded. *Held*, error.

(Argued May 6, 1890; decided June 3, 1890.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 8, 1888, which reversed a judgment entered upon a verdict convicting defendant of the crime of robbery in the first degree and granted a new trial.

The facts, so far as material, are stated in the opinion.

*William Green* for appellant. The confessions of Fox were competent. (1 Roscoe's Crim. Ev. [8th Am. ed.] 67; 1 Phillips on Ev. [4th Am. ed.] 532; *People* v. *Bennett*, 4 Abb. [N. S.] 105–107; *Hoyt* v. *People*, 110 U. S. 574; *Hendrickson* v. *People*, 10 N. Y. 13; *Teachout* v. *People*, 41 id. 7; Code Crim. Pro. § 395; *People* v. *Jaehne*, 103 N. Y. 182; *Balbo* v. *People*, 80 N. Y. 484; *People* v. *McGloin*, 91 id. 241; *Cox* v. *People*, 80 id. 500; *People* v. *Wentz*, 37 id. 303; *People* v. *Rogers*, 18 id. 9; Stephen's on Ev. [Chase's ed.]

53–56; *Woodford* v. *People*, 62 N. Y. 117; *Commonwealth* v. *Sago*, 125 Mass. 210; *Rufer* v. *State*, 25 Ohio St. 464; *Eskridge* v. *State*, 25 Ala. 30; *State* v. *Grear*, 28 Min. 426; *Lester* v. *State*, 32 Ark. 727; *People* v. *Montgomery*, 13 Abb. [N. S.] 251; 1 Roscoe's Crim. Ev. 92; *Rufer* v. *State*, 25 Ohio St. 433; *Crampston* v. *McNair*, 1 Wend. 457; *Thomson* v. *Roberts*, 24 How. [U. S.] 233.) The claim that the property was not taken in the presence of Frederick Plank, the owner and, therefore, no robbery was committed is untenable. (2 Bishop on Crim. Law [7th ed.], §§ 1156, 1177, 1178; Penal Code, § 224.) The confession is competent evidence against the person who made it, and against him only. (1 Bishop's Crim. Pro. § 1019; *People* v. *Arnold*, 46 Mich. 268; 1 Greenl. on Ev. § 218; *Lawson* v. *State*, 20 Ala. 65; *State* v. *Workman*, 15 S. C. 540; *State* v. *Dobson*, 16 id. 453.) The court did not err in refusing to charge in the language of defendant's counsel " that confessions are always regarded in law as a dangerous species of testimony, to be carefully weighed by the jury." There is no such rule of evidence. (*People* v. *Bennett*, 4 Abb. [N. S.] 105–107; *Hoyt* v. *People*, 110 U. S. 574; 1 Roscoe's Crim. Ev. [8th Am. ed.] 67; *People* v. *Mondon*, 33 Hun, 188.) The people were not required to produce any more witnesses than they deemed necessary, least of all to subpœna superfluous witnesses on the chance that the defendant might wish to examine them. (*Rex* v. *Clews*, 4 C. & P. 221.) The charge was correct. (*Caldwell* v. *N. J. S. Co.*, 47 N. Y. 282; *Losee* v. *Buchanan*, 51 id. 492; *People* v. *Mondon*, 38 Hun, 192; *Anderson* v. *M. N. Bank*, 16 N. Y. S. R. 100; *Hickinbottom* v. *D. L. & W. R. R. Co.*, 15 id. 11; *People* v. *McInnery*, 4 id. 598.)

*Andrew J. Nellis* for respondent. The court erred in receiving the " confession " against defendant's objection, and in refusing to permit defendant to show that it was incompetent and irrelevant. (*People* v. *Kurtz*, 42 Hun, 335, 345; *Comrs.* v. *Culver*, 126 Mass. 464; Penal Code, § 224; *Crews* v. *State*, 3 Coldw. 350.) The court erred in refusing to

charge that the witness Plank was not entitled to be believed
in any particular if the jury were satisfied that he willfully
testified falsely as to a material fact upon which he was con-
tradicted, viz.: that he recognized defendant as a participant
in the crime. (*Roth* v. *Wells*, 29 N. S. 71, 486.) The court
erred in refusing to charge that confessions are always
regarded in law as a dangerous species of testimony, to be
carefully weighed by the jury. (*People* v. *Kurtz*, 42 Hun,
335, 343.)

O'BRIEN, J. The defendant was convicted in the Court of
Sessions of Fulton county of the crime of robbery in the
first degree, charged to have been committed upon the person
of one Plank by entering his house in the night-time, binding
him and taking certain money which it is claimed he had in
his possession. Plank was the principal, if not the only wit-
ness at the trial who testified in regard to the facts and circum-
stances constituting the offense and who attempted to identify
the defendant as one of the persons present on the occasion
and actively participating in the robbery. He testified that
there were four other persons present with him, but did not
attempt to identify them by any direct or positive testimony.
His version of the transaction tending to establish the com-
mission of a crime and to identify the defendant as one of the
persons engaged in it, is not free from contradictions, and
contains some elements of improbability.

While the credibility of his testimony was entirely for the
jury, its salient features can properly be kept in view when
considering the competency and probable effect with the jury
of certain confessions of guilt claimed to have been made by
the defendant, and which were given in evidence against him,
as well as evidence offered in his behalf tending to explain or
entirely destroy these alleged confessions.

The defendant, at the time of his arrest, was found in a
saloon at night and taken to the lock-up in a state of intoxica-
tion, from which he had not recovered, when, about two
o'clock in the morning, he was aroused from sleep by a justice

of the peace, who presented to him a paper just prepared by the justice and the district attorney, which was read to the defendant, signed by his mark and sworn to before the justice. The paper was given in evidence at the trial by the prosecution, and in it the defendant states, in the technical language of an indictment, that he and four other persons named therein committed the robbery. The testimony of Plank was in this way corroborated, not only as to the commission of a crime, but as to the identity of the defendant as one of its perpetrators, in concert with the four other persons named in the confession. The defendant offered to prove by three of the four persons named in the paper, and by other witnesses, that on the night when the robbery was alleged to have taken place, they were not and could not have been at Plank's house or in the vicinity, but were, in fact, at another place. Like proof was offered to show that the fourth person named in the paper as the defendant's accomplice could not possibly have been present or participating in the commission of the offense. This testimony was objected to by the district attorney on the ground that, though it might prove that the four persons named in the paper as defendant's accomplices, who were not on trial, did not participate in the crime, yet it could not affect the admission of the defendant that he was himself an actor in the transaction. The court sustained the objection and the defendant excepted.

The case made by the people was that five persons were engaged in the commission of the offense, one of whom was identified as the defendant. In view of the testimony given by Plank, and the whole theory of the prosecution to assume that the robbery was committed by the defendant alone, or in concert with persons other than those named in the paper, would destroy all effect to which it might otherwise be entitled as a confession of guilt. If it could be established to the satisfaction of the jury that the defendant's statement, as evidenced by the paper, in regard to the presence and guilty connection of these four persons with the commission of the offense was false, that would tend to destroy the credit to

which it might otherwise be entitled. While it was entirely possible that the defendant may have committed the crime in concert with four other persons not named in the paper, yet he had the right to prove, if he could, that important parts, at least, of the confession were not entitled to any credit with the jury, especially as he was indicted jointly with three of the persons described in the confession as his confederates. The peculiar circumstances under which the defendant's signature was obtained to the paper tended greatly to impair its value as evidence against him, and had he been permitted to submit to the jury the proof which he offered to produce, they might very well have rejected the entire confession as unreliable. The testimony tended to impeach the force and effect of written admissions of guilt obtained from the defendant when he was in a condition in which he would not be likely to understand it, and under circumstances that tended to deprive it of the character of a voluntary statement, and was, therefore, admissible.

When the paper above referred to was offered in evidence the defendant's counsel offered, before it was received, to show that it was obtained from the defendant under a promise of immunity from punishment for robbery, or some other crime for which he then stood charged. The court decided, notwithstanding this offer to receive the paper in evidence, and rejected the proof offered by the defendant until the case was with the defense, stating that it would then be stricken out if proved to have been procured under the circumstances embraced in the offer. The defendant's counsel excepted to this ruling. The competency of the writing as evidence against the defendant was a question of law which he had a right to ask the court to decide before the evidence was admitted. It frequently happens that the testimony is of such a character as to require the court to submit the question to the jury, to be rejected by them altogether or given such weight as under all the circumstances the jury may deem proper to give to the alleged confession. But when, as in this case, a written confession of guilt is offered against a person

on trial for a criminal offense, and he objects to the same and offers to prove to the court that it was procured from him by threats, or promises, or under such circumstances as would render it incompetent as evidence, it is error to receive the paper without first hearing the proof offered and deciding upon the competency of the confession as evidence against the party making it. (*Commonwealth* v. *Culver*, 126 Mass. 464.)

When the paper in question was read to the jury, under the sanction of the court, without first hearing what the defendant had to allege against its competency, he was to that extent denied a fair trial, though the paper was received conditionally with the understanding that it should be stricken out of the case if it afterwards was shown to be incompetent.

There were some other rulings at the trial contained in the record, of which the defendant complains, that would be difficult to sustain, but as they may be changed upon another trial it is unnecessary to notice them here. The proceedings at the trial have been referred to sufficiently to show that the conviction was properly reversed by the court below.

The judgment should be affirmed.

All concur, Earl, J., concurring on first ground, Gray, J., not voting.

Judgment affirmed.