Bradbury, C, J.
The record discloses only two questions of sufficient general interest to merit consideration.
1. Where, during the trial of a criminal cause, a confession of the accused is offered in evidence against him, and its admission objected to on the ground that it had not been voluntarilly made, can the accused, in the ensuing preliminary inquiry had before the judge to ascertain the voluntary or involuntary character of the confession, be limited to a cross-examination of the witness who is about to testify to the Confession, or may he, of right, produce other evidence tending to prove that the confession was involuntary?
2. Has the accused a right to require that the preliminary inquiry be conducted out of the bearing of the jury?
1. During the trial the state produced a witness to testify to an alleged confession of the accused.
To the admission of this confession to the jury, counsel for the accused objected, on the ground that it had not been voluntarily made; and also mov'ed the court for an order *587 that the preliminary inquiry, about to ensue before the judge, to determine the voluntary or involuntary character of the confession, be had out of the presence of the jury. The court refused to cause the jury to retire, consequently the preliminary examination was conducted in its presence and hearing.
Upon this preliminary question the state examined the witness, produced by it to testify to the confession; he was then cross-examined upon the same matter by counsel for the accused. The accused then offered to produce other testimony tending to prove that the confession was not a voluntary one. This the judge refused to receive, thus denying to the accused the right to offer any other evidence than that resulting from the cross-examination of the witness who was to testify to the confession. The judge then found that the confession had been voluntarily made and it was accordingly admitted jn evidence to the jury.
To this action of the court in refusing to conduct the preliminary inquiry in the absence of the jury, in refusing to hear the evidence offered by the accused to prove the involuntary character of the confession, and in admitting the confession in evidence, the accused excepted.
The almost unbroken current of authority holds that the question of the admissibility of a confession belongs to the court. 1 Greenl. Ev., 219 ; Whar. Cr. Ev., 689 ; 1 Bish, on Cr. Procedure, 1220; Thompson v. Commonwealth, 20 Gratt., 724. The authorities are numerous, but the citation of any considerable number of them is unnecessary.
In Commonwealth v. Culver, 126 Mass., 466, the court say upon this subject: “There may be, however, and commonly are, two questions : first, the competency of the evidence, and, secondly, the weight of the evidence; the former is always a question of law, the latter is always a question of fact. The prisoner has always the right to require of the judge a decision of the competency of the evidence.” This is the doctrine announced by this court in Spears v. The State, 2 Ohio St., 583, where it is held, pages 585 and 586, “ That a confession induced by hope or fear, excited in the mind by the representations or threats of any one, is not to *588 be considered voluntary. The question in every case where a confession has followed representations or threats is, was it thus produced? This question is to be decided by the judge, if proof of the confession, when offered, is objected to. If he answers it in the affirmative, the testimony must be rejected; if in the negative, it must be admitted.”
In this state the burden of proving that a confession was involuntary, and therefore not competent evidence against him, rests upon the accused. Rufer v. The State, 25 Ohio St, 464.
Where the law imposes upon a party, the burden of establishing a fact, and upon a tribunal the duty of determining its existence, it would seem to follow, necessarily, that the former should be permitted to produce within reasonable limits and the latter required to hear and consider, any evidence that in its nature is pertinent to-the inquiry. To throw upon a party the burden of proving a fact, and at the same time deny to him the right to adduce the necessary evidence, although at hand and tendered for that purpose, is an anomaly only justifiable by peculiar circumstances or conditions which do not seem to obtain in inquiries like that under consideration.
In Rufer v. State, supra, the accused upon the preliminary inquiry before the judge, to ascertain whether a confession was voluntary or not, had-been denied the right to cross-examine the witness that had been produced by the state. This was declared to be error. He had not tendered any other evidence upon the preliminary inquiry, hence the question of his right to require it to be heard was not before the court in that case, and the court in its discussion of the subject confined itself to the questions presented by the record before it. Whatever is said, however, by the learned judge who wrote the opinion of the court in that case, is in perfect harmony with the conclusions we have reached in the case before us. Wharton Cr. Ev., 689; People v. Soto, 49 Cal., 67; People v. Barker, 60 Mich., 277; Commonwealth v. Culver, 126 Mass., 464. In the latter case the syllabus reads as follows: “At the trial of a criminal case, if the government offers to prove a confession of the defendant, *589 and the latter objects to its admission, on the ground that it was induced by offers of favor made to him by the officer who arrested him and had him in custody, and the officer is called by the government and denies that he made such offers of favor, and the defendant then offers evidence to prove that he did, it is the duty of the judge to hear such evidence before admitting the^concession.”
The foregoing authorities lay down the correct doctrine. The competency and admissibility of a confession depends upon its .having been voluntarily made. The judge is bound to determine this question; how can he intelligently do so unless the evidence is fully and fairly presented to him?
The refusal of the court of common pleas to hear and consider the evidence tendered by the plaintiff in error upon the preliminary hearing was therefore erroneous.
2. There are many matters that occur in the course of trials, both civil and criminal, that must be left to the sound discretion of the trial court; whether a preliminary inquiry like the one involved in this case should be conducted within or without the presence of the jury is one of them, and we can discover no abuse of that discretion in the record before us.

fiidgment reversed.