# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## May 11, 1917.

## THE PEOPLE v. JOSEPH PECORARO.

### (177 App. Div. 803.)

EVIDENCE—CONFESSION*—RIGHT OF DEFENDANT TO PRELIMINARY EXAMINATION AS TO LEGALITY OF CONFESSION.

Where, on the trial of a criminal action, the prosecution called a stenographer who had taken notes of a conversation between the sheriff and the defendant in order to establish an alleged confession, it was error for the court to refuse the defendant's request that, before the testimony should be admitted, he should be allowed to try out the issue as to whether or not there was a legal voluntary confession, and to refuse his request for an opportunity to cross-examine the witness on that issue.

PUTNAM and THOMAS, JJ., dissented, in part, with memorandum.

APPEAL by the defendant, Joseph Pecoraro, from a judgment of the County Court of Westchester county, entered in the office of the clerk of said county on the 15th day of May, 1916, convicting him of the crime of abduction.

*Humphrey J. Lynch,* for the appellant.

*Thomas A. McKennell, Assistant District Attorney (Lee Parsons Davis, District Attorney,* with him on the brief), for the respondent.

JENKS, P. J.:

The defendant was tried for abduction, and convicted. At

* See Note, Vol. 22, p. 346.

the outset of trial the People called a stenographer who had
taken notes of a conversation between the sheriff and the
defendant. She produced and swore to the correctness of a
transcript of her notes, and finally, after objections and dis-
cussion, the " confession " was admitted in evidence. Before
it was received, in addition to several objections the defend-
ant's counsel had asked the court " at this time to try out the
issues as to whether or not this was a legal, voluntary con-
fession," and for an opportunity " to cross-examine this witness
to ascertain whether or not it was a voluntary legal confession."
Exceptions had been taken to the refusals of the court. I am
of opinion that these exceptions should be sustained and that
a new trial should be ordered. (People v. Fox, 121 N. Y. 449;
People v. Rogers, 192 id. 331, 334; Commonewalth v. Culver,
126 Mass. 464; Biscoe v. State, 67 Md. 6.) Professor Wig-
more in his work on Evidence (§ 861) states: " In determining
admissibility, the *judge must hear the defendant's evidence*
(including evidence from cross-examination of the prosecution's
witnesses) upon the issue of voluntariness." I think that the
objections or requests were sufficient to protect the rights of the
defendant in this respect. Thus in People v. Rogers (*supra*),
when the court discussed the rule, WILLARD BARTLETT, J., for
the court says (p. 346) : " The record contains no suggestion
of any offer in behalf of the defendant to prove any circum-
stances tending to show that the confession was improperly
obtained or any request on his part to be allowed to give evi-
dence on the subject. In other words, he did not invoke the
rule laid down in the cases cited." Error came into existence
when the court received the confession irrespective of the sub-
sequent course of the trial. (People v. Fox, *supra*, 454; Com-
monwealth v. Culver, *supra*, 466, a case approved and cited
in both Rogers' Case and Fox's Case, *supra*.)

There are other rulings of the court that are not beyond
criticism. Notably, the talk between the defendant and Miller

might have been competent after testimony of the defendant as to the defendant's conversation with Joyce.

The judgment of the County Court of Westchester county is reversed, and a new trial is ordered.

MILLS and RICH, JJ., concurred; PUTNAM, J., read for affirmance, with whom THOMAS, J., concurred.

PUTNAM, J. (dissenting):

The court no doubt erred in not hearing defendant's proofs on the competency of the proffered confession. But the real point here is, was the confession obtained by fear or threats so as to be inadmissible? I think this was not shown; indeed it was negatived by defendant himself, who was asked: " Did you make a voluntary statement to the sheriff; whatever you said to him you said willingly, didn't you? * * * A. Why, yes." The charge also submitted to the jury this question of obtaining the confession. Hence, as on the proofs there was not ground to exclude this confession, the initial ruling should not be regarded as reversible error. Therefore, under section 542 of the Code of Criminal Procedure I would affirm the conviction.

THOMAS, J., concurred.

Judgment of conviction of the County Court of Westchester county reversed, and new trial ordered.