UNITED STATES, Appellee

v.

FRANK SMITH, Private E–2, U. S. Army, Appellant

3 USCMA 680, 14 CMR 98

No. 2739

Decided January 29, 1954.

Lt Col George M. Thorpe, U. S. Army, 1st Lt Lee J. Rosch, U. S. Army, 1st Lt Arnold H. Craine, U. S. Army, and 1st Lt Michael E. McGarvey, U. S. Army, for Appellant.

Lt Col William R. Ward, U. S. Army, and 1st Lt Benjamin C. Flannagan, U. S. Army, for Appellee.

ROBERT E. QUINN, Chief Judge:

The accused was convicted of unlawful entry into an Army and Air Force Exchange Service store at Fort Lawton, Washington, with intent to commit larceny therein in violation of Article 130, Uniform Code of Military Justice, 50 USC § 724, and of the larceny of a quantity of merchandise belonging to the Exchange Service in violation of Article 121, Uniform Code of Military Justice, 50 USC § 715. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The sentence was approved by the convening authority and a board of review. We granted review to consider a number of alleged errors on the part of the law officer.

Commission of the offenses charged was clearly established. Implication of the accused came from a number of sources. Of major importance were the testimony of the two pawnbrokers and a pretrial confession of the accused. The pawnbrokers testified to transactions with the accused, a day or two after discovery of the offenses, in which the accused either sold or pawned a number of the stolen articles. The accused's pretrial statement recited details of the commission of the offenses which substantially coincided with other evidence as to the manner of ingress and egress by the perpetrator. In it, the accused expressly admitted his perpetration of both offenses.

In the pretrial statement, the accused attributed his conduct to his need for money for the purchase of heroin or cocaine. He said that he had tried to borrow money, but his efforts were unsuccessful. On going to bed the night before the crimes, he conceived the plan of breaking into the PX. On awakening, he felt "very sick" from the lack of drugs. That night he went to the PX. He pried off the screen from one of the windows and squeezed through the opening. Upon entering, he filled a duffel bag with all the merchandise that he could find. He hid the bag in an unoccupied barracks. In the succeeding days, he pawned a number of the stolen articles and used the proceeds for the purchase of heroin capsules.

At the trial, the accused testified in his own behalf. In harmony with his pretrial statement, he admitted possession of the duffel bag and the articles taken from the PX. However, contrary to the confession, he maintained that he had found the duffel bag in an unoccupied barracks; he had observed three young men carrying the bag into the barracks. When they left empty-handed he entered and searched for the bag. He found it under a pile of fifteen or twenty mattresses, and took it because he "figured they couldn't have any comeback." Parenthetically, we note that were it not for the fact that there are two offenses involved, we would regard this judicial admission of larceny as precluding any claim of prejudice from the alleged errors. See: United States v. Hatchett, 2 USCMA 482, 9 CMR 112; Wharton, Criminal Law, 12th ed, § 1186, page 1502. The accused also repudiated that part of his pretrial statement in which he attributed his commission of the offenses to his need of money for the purchase of drugs. This repudiation forms the basis for the first claim of error.

Over the objection of trial counsel, the accused was permitted to testify to his reason for making the confession. He stated that he had not been paid in six months, and he "was just fed up." "[He] wanted to get out [of the Army] in the worst way." At that point he was asked whether he had appeared before a board of officers on August 15. Trial counsel objected. This led to an offer of proof out of the presence of the court.

In the offer, defense counsel stated that he wanted to show that the accused had appeared before a board of officers to determine whether he should be discharged for drug addiction, and that having been before the board and finding himself arrested a short time later in connection with an alleged theft, the accused regarded it as an "opportunity to expedite his discharge from the service and figured he may as well admit

it and by such admission be discharged from the service and it would speed up being discharged," and that "in that connection, he subsequently felt remorseful about having sold some of these items to pawnbrokers and that he went down and attempted to buy them back." This offer was rejected by the law officer.

Appellant maintains that the rejection of the offer of proof constitutes prejudicial error. He contends that the offered evidence would have shown the motive which prompted the accused to make the confession, and that said motive would have overcome its effect as an incriminating circumstance. Granting for the purposes of this case that evidence of motive is properly admissible, Shellenberger v. State, 97 Nebr 498, 150 NW 643; People v. Fox, 121 NY 449, 24 NE 923, the record shows ample opportunity on the part of the accused to develop his motive. Both before and after the offer of proof, the accused was permitted to testify to his reasons for making the pretrial confession. Thus on direct examination, the accused testified as follows:

"Q. Did you have any particular reason for making this statement to the Provost Marshal that you had broken into the PX and stolen these items?
A. Yes, sir.
Q. What was that reason?
A. Well, it comes back to what we was just arguing about, I felt that I hadn't
TC: Just a minute.
LO: Let him answer
A. (Continuing) That I hadn't been paid in six months.
TC: I object to that and ask that it be stricken from the record and the court be instructed to disregard the statement.
LO: I will let him answer it.
DC: What was your reason why you confessed to a crime which you say now you didn't commit?
A. In so many words, that I was just fed up. I wanted to get out in the worst way.
Q. When you say 'get out' what do you mean?
A. Of the Army."

On cross-examination, he was questioned as follows:

"Q. If I understand correctly, the only reason that you signed this was to get out of the Army?
A. The major one, yes.
Q. Is there any other reason?
A. That is about the only one I care to give."

Evidently then the claim of error must be limited to the effect of the exclusion of the evidence of the accused's appearance before the board of officers.

It seems to us that a showing of the accused's appearance before the board would have done him more harm than good. It tended to strengthen his pretrial statement that he committed the crime to obtain money to satisfy his craving for drugs. Also, it would have been inconsistent with his earlier claim that he had not been paid for six months and consequently he "was just fed up" with the Army. However, putting aside our views of the possible effect of the evidence, we think that the board proceedings were immaterial as to the issue of motive. No claim was made then, or now, that the proceedings were part of the accused's plan to obtain a release from the service. Apart from that aspect, they had no reasonable bearing on the opportunity to get out of the Army which was purportedly presented to the accused by his arrest for the alleged offenses. Consequently, the rejection of the immaterial evidence was not error.

The second allegation of error relates to the law officer's instructions on the accused's confession. Complaint is made that the law officer improperly assumed the truth of the appellant's pretrial statements regarding the use of narcotics and misled the court as to the consideration it could give to these statements. These instructions cover almost two pages of the record. No useful purpose will be served by reciting them. Suffice it to say that we think the instructions, as a whole, are substantially correct and far from prejudicial. The law officer's concluding admonition was much more favorable to the accused than the law required. The court was told that it could not consider

any statements in the accused's confession which tended to show the commission of other offenses "unless you first find as a fact, beyond reasonable doubt, from the other evidence, that accused did steal or wrongfully appropriate the property as . . . described in Charge I or did unlawfully enter the . . . building . . . in Charge II with intent to commit larceny therein."

Any vagueness in the instructions here cannot be urged as prejudicial error on appeal. A recorded out-of-court hearing shows that the law officer and all counsel engaged in a point by point discussion of the proposed instructions. Defense counsel made suggestions for change or elaboration, or indicated specifically that he had no objection to the particular instructions. No question was raised as to the form or the meaning of the instructions now alleged to be confusing. These circumstances preclude appellate consideration of the alleged error. United States v. Johnson, 3 USCMA 447, 13 CMR 3. In any event, the confusion now read into the instructions could hardly have harmed the appellant. The law officer strongly reminded the court that "the general rule is that evidence that accused has a bad moral character may not be introduced for the purpose of raising an inference of guilt. The only purpose for which you may consider such statements will be as limited by these instructions, keeping in mind that accused is on trial only upon the offenses specified and set out in the Charges and none other."

Although not raised by the appellant, we note that the law officer neglected to inform the court that it had a right to consider for itself the voluntariness of the confession, notwithstanding the fact that it had been admitted into evidence by him. See Manual for Courts-Martial, United States, 1951, paragraph 140a, page 250. Without deciding whether, in a proper case, it is error to fail to give such an instruction in the absence of a defense request, no prejudice here resulted to the accused from the omission. Neither before its admission in evidence, nor during his testimony on the main issue, did the accused question the voluntariness of his confession. On the contrary, he expressly admitted the truth of part, and sought only to discredit the remainder, on the ground that it was untrue, rather than that it was involuntary. Under these circumstances the instructional deficiency was not prejudicial to the accused. United States v. Hatchett, supra.

Appellant's final claim is concerned with a closed session conference between the law officer and the court in connection with the findings. Since the law officer may properly enter into a closed session to assist the court in putting the findings into proper form, no error stems from the mere entry. Article 39, Uniform Code of Military Justice, 50 USC § 614; United States v. Keith, 1 USCMA 493, 4 CMR 85. The specific question is whether the law officer participated in the deliberations of the court in reaching its findings. United States v. Miskinis and Pontillo, 2 USCMA 273, 8 CMR 73.

The law officer was called into closed session on three separate occasions. On the first, he was informed of the court's findings of guilt on both offenses. The proposed finding on the larceny specification was that the accused was guilty of larceny of "merchandise of more than $50." The law officer advised the court that it was "necessary to describe the merchandise." On his second appearance, the law officer was shown a particularized finding, but no specific value was listed for each article. He informed the court that not only should the total value be stated, but that the value of each item should be separately listed. On the third occasion, he suggested deletion of the word "about" before the value set out for each article, since the value found "is definite." Patently, none of the law officer's statements related to anything but the form of the original finding of the court to the effect that the accused was guilty of larceny of merchandise of a value of more than $50. Each called merely for particularization of the form of what had

already been clearly determined in general. Since the law officer's statements went to the form and not the substance of the findings of guilt, they did not amount to participation in the deliberations of the court. Hence, no error was committed by him in the closed session conferences. United States v. Keith, supra.

The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.