Order affirmed, without costs of this appeal to any party.

The People of the State of New York, Respondent, *v.* Armand C. Mulvey, Appellant, et al., Defendant.

Fourth Department, May 16, 1956.

*John F. Dwyer, District Attorney* (*George H. Metz* of counsel), for respondent.

*Condon & Klocke* for appellant.

*Per Curiam.* During the trial the District Attorney offered in evidence an alleged written confession of the defendant-appellant. The defendant's counsel and his associate objected to it on various grounds, one of which was that the statement of the defendant was not given voluntarily but was obtained " under pressure by a man who has not been sworn here as a witness. We have not had an opportunity to confront him." A preliminary hearing on admissibility was requested, which was summarily denied. An appropriate exception was taken.

When " a written confession of guilt is offered against a person on trial for a criminal offense, and he objects to the same and offers to prove to the court that it was procured from him by threats, or promises, or under such circumstances as would render it incompetent as evidence, it is error to receive the paper without first hearing the proof offered and deciding upon the competency of the confession as evidence against the party making it." (*People* v. *Fox,* 121 N. Y. 449, 453–454; see, also, *People* v. *White,* 176 N. Y. 331; *People* v. *Rogers,* 192 N. Y. 331; *People* v. *Nunziato,* 233 N. Y. 394; *People* v. *Doran,* 246 N. Y. 409; *People* v. *Pecoraro,* 177 App. Div. 803, and *People* v. *Fiori,* 123 App. Div. 174.)

There is nothing in this case to take it out of the general rule and the refusal of the Trial Judge to grant the examination requested was prejudicial error.

Furthermore, during the trial the Judge made numerous remarks to counsel and asked various questions of witnesses and conducted himself generally in a manner that undoubtedly indicated to the jury that he was of the opinion that the defendant was guilty. His conduct and remarks were prejudicial. (*People* v. *Fiori, supra.*)

The judgment of conviction should be reversed and a new trial ordered.

WHEELER, J. (dissenting). Although I do not approve of the conduct of the Trial Judge in taking over and conducting extended cross-examination of defendant's witnesses, or of his gratuitous statement relating to police procedure in considering a case closed after obtaining a signed statement admitting guilt, I cannot agree that there are any reasonable grounds to support a finding that appellant did not have a fair trial.

The criticisms upon which he relies as a basis for his contention that the trial court's attitude was biased and hostile, are

for the most part innocuous and, in some instances, undoubtedly provoked by the unorthodox conduct of defendant's attorneys. In view of the strong proof of appellant's guilt, none are so prejudicial as to require a reversal of the judgment.

Appellant's alleged confession was offered and received after prolonged cross-examination of the two police officers who were present at the time the statement was taken. In view of the nature of the evidence later offered by the defense, it is inconceivable, had the Trial Judge received such evidence upon the preliminary examination, that he would have then rejected the confession.

If, in fact, error was committed in curtailing the preliminary examination before ruling upon the admissibility of the confession, it constituted an unsubstantial error under the circumstances here disclosed. The statute directs that where guilt is clearly established the court must disregard unsubstantial errors. (Code Crim. Pro., § 542; *People* v. *Nunziato*, 233 N. Y. 394; *People* v. *Brasch*, 193 N. Y. 46.)

The judgment of conviction should be affirmed.

All concur, except WHEELER, J., who dissents and votes for affirmance in a separate opinion. Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and WILLIAMS, JJ.

Judgment of conviction reversed on the law and facts and a new trial granted.