■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAHAM LYLES, JR., Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered August 23, 1963 after a jury trial, convicting him of attempted robbery in the first degree (and other crimes), and imposing sentence upon him as a second felony offender. Judgment reversed on the law and a new trial granted. No questions of fact were considered. Overruling defendant's objection, the trial court permitted the arresting officer to testify to a prior identification of the defendant by a complaining witness. This was error (*People* v. *Herrmann*, 9 N Y 2d 665, 666; *People* v. *Cioffi*, 1 N Y 2d 70, 73; *People* v. *Trowbridge*, 305 N. Y. 471, 476–477; *People* v. *Altintop*, 13 A D 2d 508; *People* v. *De Jesus*, 11 A D 2d 711, 712). On cross-examination, defendant denied that he had been convicted of burglary or attempted burglary in North Carolina. On rebuttal, the District Attorney called a fingerprint expert who was permitted to testify, over objection, that the FBI had checked its fingerprint files and sent to the Police Department Identification Bureau a record relating to the defendant which showed that in 1959 he had been found guilty in North Carolina of an attempt to break and enter. The admission of this testimony to prove a prior conviction was error (*People* v. *Reese*, 258 N. Y. 89, 95; *People* v. *Watterson*, 258 N. Y. 557; *People* v. *Fine*, 140 Misc. 592, 594). A preliminary examination was held on the voluntariness of a confession which defendant had made after his arrest. The arresting officer who had reduced the confession to writing testified that defendant had not been beaten or threatened. At the conclusion of this testimony, the District Attorney offered the confession in evidence and the court admitted it over

objection. Defendant's counsel stated that he wished to put the defendant on the stand at that time to testify as to the circumstances surrounding the confession. The court ruled that the time to present that factual picture to the jury was on the defendant's case. This ruling was error (*People* v. *Doran*, 246 N. Y. 409, 416; *People* v. *Nunziato*, 233 N. Y. 394, 397–398). Lastly, the confession was submitted to the jury under the procedure recently declared unconstitutional by the Supreme Court of the United States (*Jackson* v. *Denno*, 378 U. S. 368). The issue as to the voluntariness of the confession should be determined in accordance with the procedure prescribed by this court in its decisions of December 21, 1964 (see, e.g., *People* v. *Davis*, 22 A D 2d 921), as modified and amplified by the Court of Appeals in its subsequent decision of January 7, 1965 (*People* v. *Huntley*, 15 N Y 2d 72). Ughetta, Christ, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: Although it was error (a) to admit testimony by the police officer of prior identification by complainant of the defendant; and (b) to establish by means of fingerprints the identity of defendant with the person convicted in North Carolina, it is my opinion that these errors should be disregarded in view of the overwhelming proof of defendant's guilt (Code Crim. Pro., § 542). The other errors mentioned by the majority are not argued by defendant as grounds for reversal.