■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARION ELIZABETH BLACK, Also Known as GLORIA BLACK, Appellant.— STALEY, JR., J. Appeal from a judgment of the County Court of Otsego County, rendered May 7, 1969, upon a verdict convicting defendant of having committed two separate abortional acts upon a female in violation of section 125.40 of the Penal Law of the State of New York. Defendant was indicted in two separate

indictments, both charging abortion in the second degree. The first indictment alleged the commission of an abortional act on a female with intent to cause a miscarriage on January 27, 1969. The second indictment alleged the commission of an abortional act on the same female with the same intent on February 1, 1969. The court sentenced defendant to serve two indeterminate sentences to run consecutively. Appellant questions whether the court could properly impose two indeterminate sentences to run consecutively where the alleged acts are committed upon the same individual with the intent to commit a single abortion inducing a miscarriage. "A person is guilty of abortion in the second degree when he commits an abortional act upon a female". (Penal Law, § 125.40.) An abortional act is defined as "an act committed upon or with respect to a female, whether by another person or by the female herself, whether she is pregnant or not, whether directly upon her body or by the administering, taking or prescription of drugs or in any other manner with intent to cause a miscarriage of such female." (Penal Law, § 125.05, subd. 2.) Upon this definition an actual miscarriage is not a necessary element of the crime of abortion in the second degree. A person could, therefore, properly be convicted of abortion in the second degree where that person commits an abortional act upon a female with intent to cause a miscarriage even though a miscarriage does not result. In a situation where an abortional act has been committed upon a female which does not result in a miscarriage, a subsequent abortional act with the same intent committed upon the same female would constitute a second crime. In this case the evidence establishes that defendant committed an abortional act upon a female with the intent that a miscarriage be caused on January 27, 1969 which did not result in a miscarriage, and that on February 1, 1969 defendant committed a similar act upon the same female with the same intent which did result in a miscarriage. Defendant was then properly charged with two separate crimes, and could properly be sentenced separately for each crime. The provisions of subdivision 2 of section 70.25 of the Penal Law did not prohibit the court from imposing consecutive sentences rather than concurrent sentences. That section provides that "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission * * * which in itself constituted one of the offenses and also was a material element of the other, the sentence must run concurrently." Defendant herein was sentenced for two offenses committed at different times through two separate acts, neither of which was a material element in both offenses since an actual miscarriage is not a necessary element to the crime charged. Subdivision 2 of section 70.25 of the Penal Law is, therefore, not applicable to the facts in this case. The court properly directed the sentences to run consecutively since the court predicated the consecutive sentences in part on its own knowledge that on January 6, 1969 defendant was permitted to plead guilty to attempted abortion in the second degree in full satisfaction of a September, 1968 indictment charging abortion in the second degree involving a different female, and had been sentenced to three years probation. The evidence established that within one week after sentence defendant committed the abortional act charged in the first indictment herein and within 12 days later committed the abortion act charged in the second indictment. The court further noted that within four or five days subsequent to the imposition of the previous sentence defendant, upon the evidence before the court, was entering into negotiations for commission of the abortional act on January 27, 1969. The second point of error raised by defendant is that testimony was admitted in evidence which tended to show that defendant had been charged and convicted of a similar crime.

Upon cross-examination of Kathleen Diane Hortsman, the People's main witness, counsel for defendant asked her what the State Police said when they came to her home. She responded in part as follows: " Then they told me * * * she had been picked up once before for this, for an abortion and that ". Counsel for defendant, after eliciting this testimony, made no objection to its being in evidence and did not ask that it be stricken from the record, or that the jury be instructed to disregard it. Under these circumstances defendant cannot complain that by this testimony there was an attempt to convict her by proof that she was guilty of a similar crime. The other evidentiary errors complained of were either unresponsive answers or introduced in evidence by the cross-examination of defense counsel and, in any event, were not so prejudicial as to require reversal. (Code Crim. Pro., § 542.) In this case the issues were clear, the evidence against defendant was abundant and uncontradicted and, in our view, the alleged errors were unsubstantial and did not tend to blur the issues or mislead and influence the jury. (People v. Miles, 23 N Y 2d 527; People v. Nunziato, 233 N. Y. 394; People v. Dudley, 29 A D 2d 232; cf. People v. Ochs, 3 N Y 2d 54.) Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.