UNITED STATES, Appellee

v.

WARREN G. McCONNELL, Private First Class, U. S. Army, Appellant

1 USCMA 508, 4 CMR 100

No. 596

Decided July 31, 1952

Myron G. Ehrlich, Esq., Joseph Sitnick, Esq., and CAPT. John R. Sennott, USA, for Appellant.

LT. COL. Thayer Chapman, USA, and 1ST LT. Richard L. Brown, USA, for Appellee.

PAUL W. BROSMAN, Judge:

Appellant was convicted by a general court-martial sitting in Korea of sleeping on post, in violation of the Uniform Code of Military Justice, Article 113, 50 USC § 707. He was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for 10 years. The convening authority approved the findings and sentence, but suspended the execution of the punitive discharge. A board of review in the office of The Judge Advocate General, United States Army, affirmed.

Among other matters specified in our grant of review, in response to petition by appellant, was the question of whether the consultation of the law officer with the court in the absence of the accused was to his substantial prejudice. This issue—in view of United States v. Keith (No 503), 1 USCMA 493, 4 CMR 85, decided July 30, 1952— is dispositive of the case. The record here discloses that after the findings had been announced, and the court had closed to deliberate on the sentence, the law officer and reporter were called in. Neither accused, nor his counsel, nor trial counsel, was summoned. Thereupon the following conversation between the president and the law officer ensued:

"PRES: In regards to forfeitures of pay the point was raised as to maximum forfeiture that can be made if he was sentence [sic] to less than 10 years confinement?

"LO: On page 214 of the Manual for Courts-Martial, it states that a court cannot take forfeitures of an amount greater than 2/3 of his pay per month for a period of six months unless a punitive discharge is also adjudged. Of course regardless of the forfeitures imposed by the court if the sentence includes a discharge the man will not receive any more pay after such a sentence was approved and ordered executed. Does this answer the problem raised by the court?

"PRES: Yes I believe that was the information requested."

We have made it clear in Keith that this constituted a flat violation of the Uniform Code of Military Justice, Articles 26(b) and 39, 50 USC §§ 590, 614, and of the Manual for Courts-Martial, United States, 1951, paragraph 74f. Government counsel so concedes. In the Keith case we concluded, after examination of pertinent items of legislative history, that divorcement of the law officer from active participation with the members of the court in their functions was intended to import into military law the long-standing civilian concept of complete separation of judge and jury. This innovation in military law administration is one which stemmed from a deep-seated conviction on the part of Congress and other sponsors of the Code, and an idea which must, with the passage of time, become as firmly established in the military as in the civilian sphere. Accomplishment of that end, requires here, as in Keith, prompt reversal without attempt to weigh in the scales of our minds the possibility of prejudice to appellant.

We are aware, as we were in Keith, of Federal case authority to the effect that, although private communication between judge and jury is palpable error, it is not such a departure as to require reversal in the absence of a showing of prejudice. We adhere to the distinction between the present military and civilian scenes made in that case. The rule requiring separation is so well-settled, and so generally respected, in the civilian area that a showing of prejudice in a particular case may properly be demanded as a facet of sound judicial administration. However, in military practice the principle has not become so settled, and an equally sound administration requires reversal without the necessity for a showing of specific prejudice, in order that we may insure that the practice will become established with firmness and dispatch. What our course may be when the matter has become one of settled practice, we need not now decide.

We have examined the other assign-

ments of error and, under the circumstances of this case, find them to be without merit. The decision of the board of review is reversed and a rehearing is ordered.

Chief Judge QUINN concurs.

Under a recently enacted rule of this Court a judge who is not present at oral arguments of the case is not permitted to participate in the decision. Judge Latimer was in the hospital at the time of argument and his views are therefore not expressed.