UNITED STATES, Appellee

v.

HENRY M. SMITH, Private, U. S. Army, Appellant

1 USCMA 531, 4 CMR 123

No. 512

Decided August 6, 1952

LT. COL. George E. Mickel, USA, and 1ST LT. John D. Calamari, USA, for Appellant.

LT. COL. Thayer Chapman, USA, and CAPT. Irvin M. Kent, USA, for Appellee.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Petitioner Henry M. Smith was convicted of rape upon common trial by general court-martial in Korea with a Private First Class Norbert Pawlik. Smith was charged with premeditated murder and rape; Pawlik was charged with unpremeditated murder and rape. Pawlik was found not guilty on both charges, and Smith was convicted of the rape only and sentenced to dishonorable discharge, total forfeiture of pay and confinement at hard labor for life. Army reviewing authorities have upheld the findings and sentence. We granted the petition by accused Smith, limited to the issue of whether prejudicial error was committed (1) by holding a common trial, and (2) by a conference between the law officer and the court outside the presence of counsel.

The record reflects that, after the court closed to deliberate on its findings, the law officer and the reporter were called into closed session. Neither trial nor defense counsel was present at this conference. The conversation conducted during this session is reported verbatim in the record, and it appears that

the court was disputing an earlier ruling of the law officer in upholding a defense objection to the admissibility of a statement claimed by the Government to be a dying declaration. In United States v. Keith (No. 503), 1 USCMA 493, 4 CMR 85, decided July 30, 1952, and United States v. McConnell (No. 596), 1 USCMA 508, 4 CMR 100, decided July 31, 1952, we made clear our basic position in regard to these private conversations between the law officer and the court without the presence of counsel. A conference of the type held here is clearly condemned by the law and the policy demanding enforcement of that law is so important as to warrant reversal regardless of the possible effect or non-effect of the law officer's remarks upon the deliberations of the court. Those cases require reversal here.

Since a rehearing must be ordered, it becomes unnecessary to consider the defense contention in relation to the prejudicial effect of the common trial. The other accused having been found not guilty at the first trial, there will be no occasion for a repetition of the common trial upon rehearing.

The decision of the board of review is reversed and a rehearing is ordered.

Judge BROSMAN concurs.

Under a recently enacted rule of this Court a judge who is not present at oral arguments of the case is not permitted to participate in the decision. Judge LATIMER was in the hospital at the time of argument and his views are therefore not expressed.