UNITED STATES, Appellant

v.

VICTOR J. MISKINIS, Sergeant E-5, and JOHN A. PONTILLO, Private First Class E-3, U. S. Army, ANDREW CRAYTON, Messman, U. S. Army, WALTER F. BOWLES, Private First Class, U. S. Army, Appellees

2 USCMA 273, 8 CMR 73

LT. COL. Thayer Chapman, U. S. Army, for Appellant.

LT. COL. George M. Thorpe, U. S. Army, and 1ST LT. Michael E. Mc-Garvey, U. S. Army, for Appellees.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Each of these three cases is here on certificate from The Judge Advocate General of the Army. In Docket No. 1535, the accused were convicted[1] of violations of Article 121 of the Uniform Code of Military Justice, 50 USC § 715. and sentenced to reduction in grade and partial forfeiture of pay. In Docket No. 1536, the accused was convicted[2] of a violation of Article 134 of the Code, 50 USC § 728, and was sentenced to a fine of five hundred dollars and confinement at hard labor until fine was paid but for not more than six months. In Docket No. 1579, the accused was convicted[3] of violations of Articles 86 and 92 of the Code, 50 USC §§ 680 and 686, and sentenced to a bad-conduct discharge, total forfeiture of pay and confinement for one year. In each case, the Army board of review set aside the findings and sentence and ordered a rehearing. The decisions were based on a finding that prejudicial error occurred when the law officer conferred with members of the court outside the presence of accused and his counsel. The Army Judge Advocate General has certified to us the correctness of these decisions. Since the facts in each case are essentially the same, we have consolidated them for purposes of argument and decision.

We have recently established our basic views concerning conferences by the court and the law officer, during deliberations on the findings and sentence, outside the presence of accused and his counsel. United States v. Wilmer Keith (No. 503), 4 CMR 85, decided July 30, 1952; United States v. McConnell (No. 596), 4 CMR 100, decided July 31, 1952; United States v. Henry M. Smith (No. 512), 4 CMR 123, decided August 6, 1952; United States v. Cadena (No. 713), 4 CMR 126, decided August 6, 1952. For the purposes of this and subsequent cases, it is desirable that we review briefly the facts and holdings in those cases. In Keith, the conference occurred during the court's deliberations on the sentence, and the law officer answered questions concerning the difference between a bad-conduct discharge and a dishonorable discharge in so far as the possibilities of suspension and rehabilitation were concerned. In Mc-

---

[1] CM 355407.
[2] CM 355267.

[3] CM 355457.

Connell, the conference also took place during the sentence deliberations and the law officer instructed the court concerning the maximum punishment. In Smith, the conference occurred during the deliberations on the findings and concerned the merits of an earlier ruling by the law officer on the admissibility of certain testimony. In Cadena, the law officer was called in during deliberations on the findings and advised the court as to the elements of proof of one of the offenses charged. The actual advice was not reported in the record.

In each of those cases, we held that the conference was violative of Articles 26(b) and 39 of the Uniform Code of Military Justice, 50 USC §§ 590 and 614. These articles permit the law officer to be present during the court's deliberations on the findings only to assist the court in putting the findings in proper order. The Code does not permit the law officer to be present for any purpose during conference on the sentence. We noted that the prohibition of participation in the court's deliberations contained in these Articles of the Code represented one of the fundamental and important changes in procedure and policy wrought by the Uniform Code, and concluded that this policy must be rigidly enforced. We invoked the doctrine of general prejudice to require reversal, reasoning that the necessity of strict enforcement made unnecessary and undesirable a search for specific prejudice in the circumstances of each case. We noted, however, that once the tradition of non-participation by the law officer in the court's deliberations is well-established in the services, the occasional lapses might then be assessed in terms of specific prejudice.

Considering the facts of the previously decided cases together with the legal principles enunciated, we think that a general rule emerges quite clearly. This rule is that where the law officer appears before the court when it is in closed session without the presence of accused or his counsel in violation of Articles 26(b) and 39 of the Code, supra, and participates in the deliberations of the court, a finding of reversible error based upon the doctrine of general prejudice will result. We may also note

that, if the record does not reflect what transpired during the conference, then we will be constrained to resolve the doubt in favor of the accused. United States v. Miller (No. 1537), 8 CMR 72, decided this date; United States v. Cadena, supra.

Turning to the cases now before the Court, we shall first dispose of the general arguments advanced by counsel and then apply the test set forth above to the facts of these cases.

First, we are not at all persuaded by the Government argument that we should reconsider our holding that the doctrine of general prejudice is applicable to these situations. We adhere, without caveat, to the principles announced in United States v. Wilmer Keith and the subsequent decisions cited supra. Second, we perceive no merit to the proposition that the tradition of non-participation is now so well-established that we can assess lapses in terms of specific prejudice. This argument is predicated upon the theory that, once Keith was disseminated through military channels, the tradition mentioned was "firmly established." The short answer to this argument is that establishment of a tradition requires more than printed directives—even in the armed forces. This is especially so where courts have indicated a reluctance to comply, even now, with all the changes brought about by the Uniform Code of Military Justice. Establishment of the tradition can only be satisfactorily shown by long and strict adherence to the letter of the law. Third, we perceive no reason for changing our view that there is no distinction between the deliberations of the court on the findings and those on the sentence, so far as application of the doctrine of general prejudice is concerned. In this connection, we note that the Articles in question expressly do not permit the law officer to assist the court in putting the sentence in proper form. Authority to do this not having been conferred by Congress, we are not disposed to do so by judicial legislation.

We turn next to an application of the rules to the facts of these cases. In each of the three cases, the law officer

**275**

was called into closed session, without the presence of counsel, during the court's deliberations on the sentence. In each case, the law officer was informed that the court had decided on the sentence to be imposed and was requested to assist in putting the sentence in proper form. The law officer gave only the required assistance as to form and departed. A verbatim transcript of the conversations is contained in each record. We have no hesitation in saying that this situation provides no cause for invoking the general prejudice doctrine enunciated in United States v. Wilmer Keith, supra. True it is that the law officer is not permitted by the Code to assist the court in putting the sentence in proper form. The procedure followed does, therefore, constitute error. It does not, however, reach the level of the evil we condemned in Keith. We are here concerned with enforcing a departure from the previous system which permitted the law member to participate in the deliberations of the court on guilt or innocence and on the sentence to be imposed. If the participation by the law officer does not infringe upon these areas, now reserved to the court alone, then there is no departure from the basic policy we are here concerned with and thus no cause for invocation of the doctrine of general prejudice. See United States v. Berry (No. 69), 2 CMR 141, decided March 18, 1952. The law officers here said nothing that could possibly be construed as participating with the court in their deliberations on the sentence. It would be as illogical to apply the doctrine of general prejudice here as it would be to apply the doctrine of military due process to the situation involved in United States v. Lucas (No. 7), 1 CMR 19, decided November 8, 1951. The error committed is not violative of a fundamental principle of the Code and it did not result in any prejudice to the accused. It is only where the law officer goes beyond such formal advice and in any way participates in the deliberations of the court, or where the record does not reflect what transpired during the conference, that there is ground for reversal based on Keith, supra.

This rationale requires that the decision of the boards of review be reversed in each of these cases. Since the boards found reversible error and therefore did not reach the question of appropriateness of the sentence, we are constrained to remand each of the cases to The Judge Advocate General of the Army for referral to a board of review so that the review contemplated by Article 66 of the Code, 50 USC § 653, may be completed.

Judge BROSMAN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

I concur in the result for the reasons set forth in my dissent in United States v. Woods and Duffer (No. 1023), 8 CMR 3, decided February 19, 1953. Here there was a violation of an express mandate of Congress as the law officer is not permitted to meet with the court on the sentence. There is, however, no prejudice.