UNITED STATES, Appellee

v.

BENJAMIN F. TABORN, Private E-2, U. S. Army, Appellant

3 USCMA 61, 11 CMR 61

No. 1282

Decided July 17, 1953

Lt Col James C. Hamilton, U. S. Army, and 1st Lt James A. Hagan, U. S. Army, for Appellant.

Col Allan R. Browne, U. S. Army, Lt Col William R. Ward, U. S. Army, and 1st Lt Joseph C. Chandler, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

The accused in this case was convicted, following trial by general court-martial convened at Camp Chitose, Hokkaido, Japan, of cowardly conduct before the enemy, a violation of the Uniform Code of Military Justice, Article 99, 50 USC § 693. Following approval by the convening authority and affirmance by a board of review, his petition for review by this Court was granted, limited to a single issue:

> "Whether the holding of a closed session with the members of the Court outside the presence of the accused or counsel was prejudicial error."

By its nature, this issue requires no recitation of the facts underlying the prosecution of the accused.

II

The general question presented here is not one of first impression, but has been met earlier and passed on by this Court in a number of relatively recent cases. United States v. Wilmer Keith (No. 503), 1 USCMA 493, 4 CMR 85, decided July 30, 1952; United States v. McConnell (No. 596), 1 USCMA 508, 4 CMR 100, decided July 31, 1952; United States v. Henry M. Smith (No. 512), 1 USCMA 531, 4 CMR 123, decided August 6, 1952; United States v. Cadena (No. 713), 1 USCMA 534, 4 CMR 126, decided August 6, 1952; United States v. Woods and Duffer (No. 1023), 2 USCMA 203, 8 CMR 3, decided February 19, 1953; and United States v. Miskinis and Pontillo (Nos. 1535,

1536, 1579), 2 USCMA 273, 8 CMR 73, decided March 5, 1953. The heart of the rule developed in these cases was succinctly and clearly stated in the Miskinis and Pontillo case:

". . . [W]here the law officer appears before the court when it is in closed session without the presence of accused or his counsel in violation of Articles 26(b) and 39 of the Code, supra, and participates in the deliberations of the court, a finding of reversible error based upon the doctrine of general prejudice will result. We may also note that, if the record does not reflect what transpired during the conference, then we will be constrained to resolve the doubt in favor of the accused."

It is, therefore, clear that the closed conference held in the present case constituted error. However, whether it calls for invocation of the general prejudice approach invoked for the first time in this setting in the Keith case, supra, must depend on whether the law officer "participated" in the deliberations of the court-martial. Here there is included within the record a verbatim report of the proceedings held by the court and law officer outside the presence of accused and counsel. It reveals that, at some undisclosed time after the court had retired to deliberate on its findings, the law officer and reporter were called into the court's closed session. Thereupon, the following transpired:

"PRES: Apparently there is a belief by some members of the court that the individual was not guilty of cowardly conduct, but guilty of refusal of an order; then, there is a point of procedure concerned, as to by what means the specification is changed or how the court comes to an agreement as to what to vote on for a finding of guilty or not guilty.

LO: I can re-draft a specification and submit it to the court for their approval in closed session. If you would like, I will re-draft the specification.

MEMBER: *Is it within our prerogative as to whether or not we may select a charge and specification that are not lesser included within the charge and specification that we have.*

LO: *No, you cannot. It has to be included within the wording of that specification. In other words, it can't be an offense of equal gravity but of lesser.*

PRES: I have some who desire to vote on the specification as it stands, and other members of the court who apparently desire a redraft of the specification. What is the procedure?

LO: You will first have to reach a finding and then I will help you draft the specification in accordance with what you have found, but I can't give you any advice without the presence of the accused and counsel for both sides. For further instructions we will have to call them in.

PRES: No — that is all, then.

The Law Officer and the reporter left the courtroom." [Emphasis supplied].

At first blush, it may seem that the law officer did not participate in the deliberations of the court-martial here. However, upon re-examination and thoughtful consideration of the language italicized above, it is more than reasonably apparent to us that he did, in fact, participate therein. A member of the court-martial had asked a question relating to permissible lesser included offenses, and the law officer responded to the effect that permissible lessor offenses are limited by the words of the specification. This reply constituted in essence—and in closed session—a legal instruction of a general character, and, moreover, one strongly suggesting the desirability of elaboration and clarification. For this reason it is highly important that counsel, and particularly defense counsel, have been present. There are certain to be cases in the penumbral fringe, when the question before us is whether the law officer "participated" in the deliberations of a court-martial within the meaning

**63**

of this Court's opinion in United States v. Miskinis and Pontillo, supra—and this may conceivably be one. However, because of the importance of the concept of separation of law officer and court-martial, doubts must and always will be resolved in favor of the accused. At the very least in this case, there are such doubts in our minds.

## III

In point of fact, we are not at all certain that there was not here a fair risk of specific prejudice ■ to the accused. Several significant phenomena are are to be observed in this connection. (1) The accused was charged with cowardly conduct. (2) Several members of the court-martial were clearly in grave doubt concerning his guilt of this offense, and actively interested in considering guilt of some lesser included crime. (3) Yet the accused was found guilty of that alleged in the specification. (4) His conviction of the major crime took place immediately after an instruction by the law officer—safe from challenge by defense counsel—concerning lesser offenses which may have been wrong, was probably misleading and almost certainly was incomplete and unclear. (5) The period of the court's deliberation on findings, including the closed session conference under scrutiny—which, of necessity, must have been proceded by at least some discussion among members—consumed a total of exactly ten minutes.

There is considerable doubt in our minds concerning the accuracy of the law officer's statement to ■ the court in closed conference to the effect that a lesser included offense "has to be included within the *wording* of that specification". (Emphasis supplied.) Certainly in so far as a mechanical approach to specification verbiage is implied therein, the instruction is manifestly erroneous. United States v. Joe L. Davis (No. 646), 2 USCMA 505, 10 CMR 3, decided May 14, 1953. At best, the unamplified language used is subject to misinterpretation, and may have operated to terminate unnecessarily and promptly all consideration of the possibility of guilt in any lesser degree of criminality. Indeed, this likelihood is supported by the haste with which findings were reached following the announcement of the law officer's ruling. That this possibility of misunderstanding is a critical consideration will be rendered apparent when one takes into account the minimum character of the evidence of record tending to establish a fear motivation on the part of the accused. See United States v. Soukup (No. 533), 2 USCMA 141, 7 CMR 17, decided January 23, 1953.

For the foregoing reasons, the decision of the board of review is reversed and a rehearing is ordered.

Chief Judge QUINN concurs.

Judge LATIMER dissents.