## 11044

### STATE v. JEFFORDS

(114 S. E., 415)

1. CRIMINAL LAW—AWARD OF SEPARATE TRIAL DISCRETIONARY.—A motion for a severance and separate trial is addressed to the discretion of the Court, and no abuse of discretion is shown where one of several defendants, jointly indicted for murder, had confessed that he took part and participated in the killing.

2. CRIMINAL LAW—STATEMENT BY ONE UNDER ARREST HELD A CONFESSION, AND NOT MERELY AN ACCUSATION AGAINST A CODEFENDANT.— A police officer stated to defendant, after the latter had been arrested for murder and had confessed to complicity therein, "Tell us who else was implicated in it," and defendant answered, "All right, send and get Mr. J.," a codefendant. *Held,* that the statement by defendant did not necessarily charge codefendant, J., with participation in the killing, and hence an assignment of error on the ground that such statement was not a confession, but an accusation, is not sustainable.

3. CRIMINAL LAW—CONFESSION CONTAINING ACCUSATION AGAINST CODEFENDANT ADMISSIBLE, AND JURY SHOULD BE INSTRUCTED TO CONSIDER CONFESSION ONLY AS AGAINST PERSON MAKING IT.—It is necessary and proper to admit in evidence every part of a confession and to then instruct the jury not to consider it against any one except the person making it, and where such an instruction was given it was not error to admit in evidence a confession which also contained accusations against another defendant, jointly indicted.

NOTE: As to the admissibility, upon joint trial, of an admission of one defendant tending to incriminate another, see note in 2 B. R. C., 353.

The question of confessions as evidence when elicited by questions is discussed in notes in 18 L. R. A. (N. S.), 799, and 50 L. R. A. (N. S.), 1085.

4. HOMICIDE—CHARGE AS TO CONSPIRACY, WHERE DEFENDANTS ARE JOINTLY CHARGED WITH MURDER, HELD PROPER.—Where the defendants were jointly charged with murder, an instruction as to conspiracy was proper, where the evidence tended to show a mutual agreement to commit the act, since such a charge simply states the law as to the liability of one for the acts of the others.

Before TOWNSEND, J., Richland. May, 1922. Affirmed.

Frank M. Jeffords indicted with Ira Harrison, and Glenn Treece, for the murder of J. C. Arnette, and upon conviction of murder, appeals.

The witness Shorter was a police officer. While Ira Harrison was under arrest Shorter said to him: "Tell us who else is implicated in it; we want to get them before they get away." To this question Harrison answered: "All right; send and get Mr. Jeffords."

*Mr. L. G. Southard,* for appellant, cites: *Declarations of codefendants inadmissible against Jeffords:* 36 S. C., 524. *Severance in discretion of Court:* 7 Rich., 412; 13 Rich. 320; 12 Wheat. 480; 163 U. S., 662; 2 Bish. New Crim. Proc. (4th Ed.), Sec. 1019-2, 1019a, 182; 12 Cyc., 507; 1 Whart. Crim. Proc., Secs. 360, 361; 99 Mass., 438; 15 S. E., 588; 26 S. E., 234; 27 S. E., 424; 57 S. E., 859; 79 S. E., 106; 95 S. E., 61; 96 S. E., 667; 8 R. C. L., "Crim. Law," par. 161; 16 C. J., 786.

*Messrs. A. F. Spigner,* solicitor, and *James S. Verner,* for respondent, cite: *Judicial discretion:* 47 S. C., 498. *Right to a severance:* 7 Rich., 412; 108 S. C., 495; 111 S. C., 58; 49 S. C., 410; 163 U. S., 662; 77 S. C., 241. *What statements of a defendant are admissible against his codefendant:* 49 S. C., 440; 36 S. C., 524; 48 S. C., 136; 118 S. C., 127. *As to charge on conspiracy:* 2 Brev., 338; 1 Arch. Crim. Pr. & Pl., 56, 62; 4 Strob., 128; 14 Rich., 214; 18 S. C., 176; 77 S. C., 243. *If there was error it was not reversible:* 80 S. C., 410; 74 S. C., 102; 44 S. C., 546; 51 S. C., 469; 68 S. C., 38. *Appellant must*

*show that he called attention of Court to alleged error:* 72 S. C., 174; 64 S. C., 104; 71 S. C., 444; 73 S. C., 557; 80 S. C., 415.

November 2, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Frank M. Jeffords, Ira Harrison, and Glenn Treece were jointly indicted for the murder of J. C. Arnette in Columbia, S. C., on the night of the 9th day of May, 1922. Harrison and Treece had made elaborate, detailed confessions as to the circumstances of the killing. These confessions were in evidence before the coroner's jury. When the case was called for trial, the defendant, Jeffords, made a motion for a severance and separate trial. It was refused by the presiding Judge. The motion was renewed at the close of the testimony for the state, and again refused. This refusal forms the basis of the first assignment of error.

I. It is unnecessary to cite authorities, as the appellant admits that the motion was addressed to the discretion of the presiding Judge. No abuse of discretion has been shown. Not only was no abuse of discretion shown, but the record shows that the appellant also confessed, not in detail but in general terms, when he said, "I took part in the killing, or participated in the killing, but was over-persuaded." This assignment of error cannot be sustained.

II. The next assignment of error is:

"His Honor erred in allowing the witness Heise to testify, over the objection of the defendant Jeffords as follows: Mr. Shorter said to him, 'Tell us who else was implicated in it: we want to get them before they get away.' He said, 'All right; send and get Mr. Jeffords' —it being submitted that such part of the statements of the defendant Harrison was not a confession, but an accusation against the defendant Jeffords, and the same was inadmissible and incompetent, and that he was prejudiced thereby."

This statement did not necessarily charge Jeffords with participation in the killing. Jeffords was the partner of Arnette, and most likely to know of the surroundings, and the person who should have been most interested in the punishment of those engaged in the killing. This assignment of error cannot be sustained.

III. The next assignment of error is in allowing confessions of Harrison and Treece to be introduced in evidence, in so far as they contained accusations of Jeffords. The rule is very clear that the confessions must be given as made. If we strike out any part, then the confession ceases to be the confession as made. The rule in such cases is clearly to let all the defendant said be given, and the jury cautioned not to consider it against any one, except the man who makes it. This is unquestionably the rule, and it was strictly and scrupulously followed.

The case of *State v. Carson,* 36 S. C., 534, 15 S. E., 588, does not sustain the appellant. The rule as to confessions is recognized, but the statements were excluded because they were not confessions.

IV. The last assignment of error is that his Honor charged as to conspiracy. There is no error here.

The case of *State v. Jenkins,* 14 Rich., 225–227, 94 Am. Dec., 132, fully covers the case. At page 226, of 14 Rich. (94 Am Dec., 132), we find:

"It is only necessary to state those facts which are in law essential to constitute the particular offense charged, as in this case, such as are legally essential to the crime of murder. The fact that the killing occurred in the prosecution of a riot in which the prisoner was a party, although, where the mortal injury was not, or is not proved to have been, inflicted directly by himself very necessary to be proved in order to evince his guilty concurrence in the act, is not of the essence of the crime, and, therefore, need not be stated in the indictment. All who are present con-

curring in a murder are principals therein, and the death, and the act which caused it, is, in law, the act of each and of all. There is no distinction in the regard of the law, in the degrees of their guilt, or the measure of their punishment, or the nature of their offense, founded upon the nearness or remoteness of their personal agency respectively. An indictment charging it as the act of a particular individual of the party will be well sustained by evidence that any other of them gave the fatal stroke, or that it was given by some one of them, though it does not appear by which."

The defendants were charged with murder. The charge as to conspiracy simply stated the law as to the liability of one for the acts of the other, if the act was done by mutual agreement or conspiracy.

The judgment is affirmed, and the appeal dismissed, and the case is remanded to the Court of General Session for Richland County for the purpose of fixing a new day for carrying into effect the sentence of the Court.