THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL ALEX, Appellant.

(Argued November 28, 1932; decided January 10, 1933.)

*Joseph Lonardo, Richard J. Barry* and *David M. Wolff* for appellant. It was error to exclude the evidence of defendant's complaint upon arraignment. (*People* v. *Wood*, 126 N. Y. 249; *People* v. *Kinney*, 202 N. Y. 389.) The excluded testimony was competent. (*People* v. *Randazzio*, 194 N. Y. 147; *People* v. *Taranto*, 214 N. Y. 199; *People* v. *Nunziato*, 233 N, Y. 394; *People* v. *Kinney*.

202 N. Y. 389; *State* v. *Kinder*, 10 S. W. Rep. 77; *Lefevre* v. *State*, 35 N. E. Rep. 52; *Palmer* v. *State*, 36 N. E. Rep. 130; *State* v. *Hill*, 65 N. J. L. 626; *Bates* v. *State*, 84 So. Rep. 373; *Berry* v. *State*, 111 Pac. Rep. 676; *Thomas* v. *State*, 32 S. W. Rep. 771; *People* v. *Joyce*, 233 N. Y. 61; *People* v. *Strait*, 154 N. Y. 165; *People* v. *Gerdvine*, 210 N. Y. 184; *People* v. *Ohanian*, 245 N. Y. 227.)

*Charles S. Colden, District Attorney* (*Mordecai Konowitz* of counsel), for respondent. The evidence relating to the circumstances under which the defendant's confession was obtained presented a fair triable issue, the issue was fairly tried, and properly submitted to the jury, and the verdict was justified by the evidence. (*People* v. *Wiener*, 248 N. Y. 118; *People* v. *Borowsky*, 258 N. Y. 371; *People* v. *Doran*, 246 N. Y. 41.)

HUBBS, J. On June 15th, 1931, at about eleven o'clock at night, the defendant was arrested in New York city and thereafter charged with the crime of murder in the first degree. The next day, June 16th, at about three o'clock in the afternoon, he signed a confession in which he confessed to the commission of the crime. He had neither been arraigned nor given the privilege of consulting counsel before signing the confession.

The next morning after signing the confession, June 17th, he was arraigned in County Court. He was thereafter indicted and brought to trial in County Court. During the trial the Assistant District Attorney offered the written confession in evidence. Counsel for the defendant objected to its receipt in evidence upon the ground that it was not voluntarily made; that it had been extorted from defendant by the police by means of severe beatings and threats which they made of further physical punishment if he refused to confess and repeat the statements in regard to the commission of the crime which they had made to him. The trial court permitted a preliminary examination for the purpose of determining whether the confession should be received in evidence.

The defendant testified in detail in regard to beatings which he claimed the police officers inflicted upon him. He testified in substance that he was told by the police what he must state in a confession, and was warned that if he did not they would continue to beat him; that he made the confession and stated in it what he was told to state by the police because he could not stand the pain inflicted and because of fear of further physical punishment and that the confession was false as he was innocent of the crime charged. He also testified that as a result of the beatings, marks were left upon his body.

He was interrogated by his counsel as to what occurred when he was arraigned in County Court thirty-six hours after his arrest. By proper questions, counsel sought to establish that at that time defendant complained to the County Judge that he had been beaten by the police; that he " ripped " off his coat and shirt in the court room in the presence of the Judge and offered to show the Judge the bruises on his body, and asked the Judge to look at his back. The Assistant District Attorney objected to the questions and the court sustained the objections and refused to permit the defendant to testify in regard to what took place in the presence of the court upon the arraignment.

The defense called as witnesses an Assistant District Attorney and the calendar clerk of the District Attorney's office, who were present in court when the defendant was arraigned. Substantially the same questions were asked those witnesses, in an effort to establish that the defendant had complained to the court that he had been beaten by the police and that there were marks upon his body. The trial court sustained objections made by the Assistant District Attorney and refused to permit the witnesses to testify upon that subject.

Thereafter, the confession was received in evidence over the objection and exception of defendant's counsel.

Defendant's conviction rests almost entirely upon his

confessions. The evidence sought to be elicited from the defendant and the two witnesses was competent and pertinent and should have been received. (*People* v. *Barbato*, 254 N. Y. 170, 173.)

The general rule is that the evidence of a witness cannot be corroborated by proof that the witness made the same statement on a prior occasion when not under oath. There are, however, well-established exceptions to the rule. Thus evidence that the injured person made timely complaint of the injury is properly received in a criminal trial where the defendant is charged with rape, robbery or larceny. (*People* v. *O'Sullivan*, 104 N. Y. 481; 2 Wigmore on Evidence [2d ed.], § 1142.)

It is under the principle involved in such cases that evidence that the defendant made complaint when arraigned should have been received.

A confession of a defendant cannot be received in evidence against him when made under the influence of fear produced by threats. (Code Crim. Pro. § 395.)

The police officers charged by the defendant with mistreating him testified that he had not been beaten or threatened or induced to make the confession through fear. Their version of what transpired was corroborated by an Assistant District Attorney who took the confession and the stenographer who typed it. The question of fact as to whether the confession was voluntarily made was necessarily submitted to the jury. (*People* v. *White*, 176 N. Y. 331, 349; *People* v. *Nunziato*, 233 N. Y. 394, 398; *People* v. *Barbato*, *supra*.)

The Trial Judge charged that the jury could consider the written confession only in the event that they found that it was not made under the influence of fear produced by threats. That was a vital issue in the case. When that issue is involved, the question of whether a defendant made complaint of mistreatment at the first opportunity or within a reasonable time is material and relevant. It is of great assistance to the jury in determining whether

a defendant's claim that a confession was induced by threats and fear is the truth or an afterthought, a concocted story to escape the effect of the confession. If complaint is not timely made, when it is made suspicion is aroused that it is a subterfuge.

Here the defendant attempted to prove that before he had the benefit of counsel and within thirty-six hours after his arrest, at his first appearance before a judicial officer, he complained to the Judge; took off his coat and shirt and exposed his back for the purpose of showing the injuries which he claimed had been inflicted by the police. During all of the time subsequent to his arrest he had been in charge of the police. That was his first opportunity to complain about the treatment which he claimed that he had received.

If the testimony offered had been received, it would have tended to establish that he had made timely complaint and would have had a direct bearing upon the truth of his story.

The refusal by the trial court to receive such testimony was highly prejudicial to the defendant and constitutes reversible error.

The defendant had the legal right to have the evidence sought to be elicited by the questions received and considered by the jury upon the issue as to whether the confession was voluntarily made. The refusal to receive it deprived the defendant of a fair trial.

" An error which prevents proper consideration by the jury of the only question relied on by the defendant is substantial, not technical, and we have no right to disregard it, although we may approve of the verdict." (*People* v. *Gerdvine*, 210 N. Y. 184, 187.)

The judgment of conviction should be reversed and a new trial ordered.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgment of conviction reversed, etc.