THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* MICHAEL ALEX, Appellant.

(Argued May 28, 1934; decided July 3, 1934.)

*Joseph Lonardo, Richard J. Barry* and *David M. Wolff*
for appellant.

*Charles S. Colden, District Attorney (Mordecai Konowitz* of counsel), for respondent.

LEHMAN, J.   The defendant was arrested late at night on June 15, 1931.   He was arraigned on the morning of June seventeenth, and then charged with murder in the first degree.   During the period of about thirty-six hours when he was held by the police he confessed his guilty participation in a murder.   Aside from the defendant's oral and written confessions made before his arraignment and before he had opportunity to consult counsel, there is little, if any, competent evidence to connect the defendant with the crime.   If these confessions were not made under the influence of fear produced by threats (Code Crim. Pro. § 395) and were given voluntarily, no room for reasonable doubt of the defendant's guilt remains.

Upon defendant's trial the defendant made claim that his confessions were the result of brutal beating by the police while in their custody before his arraignment.

The police officers who held the defendant denied that they had beaten him. A question of fact thus arose which the trial judge was bound to submit to the jury under proper instructions.

Upon a previous appeal this court was constrained to reverse a judgment convicting the defendant of the crime of murder in the first degree, because the trial judge refused to admit testimony which tended to sustain the defendant's contention that the confessions were not voluntarily made. (*People* v. *Alex*, 260 N. Y. 425.) Upon the second trial this evidence was received. Otherwise the testimony presented at the trial now under review is substantially the same as at the first trial. No useful purpose would be served by detailing again that evidence. The questions of fact which should have been presented to the jury for determination remained the same.

In our earlier opinion we pointed out that the confessions were obtained while the defendant " had neither been arraigned nor given the privilege of consulting counsel " (p. 426). The Code of Criminal Procedure provides that " the defendant must in all cases be taken before the magistrate without unnecessary delay." (§ 165.) Here there was delay of almost thirty-six hours. Even where the police, for thirty-six hours, illegally delay arraignment after arrest, for the purpose of obtaining a confession, the confession is admissible, unless " made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney, that he [the defendant] shall not be prosecuted therefor." (Code Crim. Pro. § 395.) Nevertheless, in determining whether a confession has been obtained as a result of a beating, or is voluntary, the circumstance that it was obtained while arraignment was illegally delayed for no apparent reason except that the police needed a confession in order to have competent proof of the commission of a crime, should be considered by the jury. (*People* v. *Trybus*, 219 N. Y. 18.) In every case where there is a substantial

question of the voluntary nature of a confession obtained while a defendant is in the custody of the police, and arraignment is delayed, it is the duty of the trial judge, at least upon request of counsel, to charge that any " unnecessary delay " in arraignment is forbidden by law and should be considered by them.

Here the trial judge refused to so charge, though counsel made request to charge in many forms. The statute was not read to the jury, nor was the jury instructed in other form that arraignment without unnecessary delay was a mandatory duty.

The omission is not cured, indeed it is, perhaps, intensified, by a charge to the jury that " you may consider the fact whether it was reasonable or unreasonable for this defendant not to be brought to court within thirty-six hours; whether the evidence satisfies you that the delay in bringing him before the court was justified because of what occurred and the conditions surrounding that interval of time." The law does not leave to the police discretion as to when a prisoner shall be arraigned. A desire to obtain evidence of guilt through confession may explain delay but furnishes no legal justification for it, and evidence of other justification is wanting. In the absence of justification, the detention for almost thirty-six hours was illegal, and though the illegality does not require the inference that the confession obtained was involuntary, yet it has a substantial bearing upon that disputed question.

The courts, both trial and appellate, must recognize that repeated trials of an indictment delay justice and at times even thwart justice. Error must be sedulously avoided by the trial court, though at times it may be inevitable, and error must be disregarded by an appellate court where reason dictates the conclusion that it did not affect the result of the trial. That is not true here. The error went to the substance of the defense. On two previous trials the jury disagreed. Though there is

substantial evidence that the confession was both admissible and voluntary we cannot say that the result of the trial under review might not have been different if the questions of fact had been properly submitted. The statute is clear, and this court has in previous opinions pointed out that disregard of the statute may be considered by the jury. Failure to charge the statute and its effect deprived the defendant of his right to a fair trial.

Since there must be a new trial, it is unnecessary to pass upon the other claims of error in the trial. We may point out, however, that the clear language of the statute governing the admissibility in evidence of a confession (§ 395) was paraphrased inaccurately and unnecessarily. Perhaps the charge was, in that respect, more favorable to the defendant than he was entitled to, and error in that respect might, therefore, be disregarded. Neverless, both the People and the defendant's rights may be jeopardized by any departure from the clear language of a declaratory statute.

The judgment of conviction should be reversed and a new trial ordered.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment reversed, etc.