Fuld, J. (concurring).
I agree that there must be a new trial for the reasons set forth in the court’s opinion, but, contrary to the view held by the majority, I believe that reversible error was also committed by the trial judge’s ruling admitting into evidence the defendants’ confessions.
Upon further deep and considered reflection, I am convinced that our present rule which permits a confession to be used against a defendant, even though obtained in contravention of law, is indefensible. “ Nothing can destroy a government more quickly ”, observed Mr. Justice Clark, writing for the Supreme Court in Mapp v. Ohio (367 U. S. 643, 659), “ than its failure to observe its own laws * * *. As Mr. Justice Brandéis, *355 dissenting, said in Olmstead v. United States, 277 U. S. 438, 485 (1928): ‘ Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. * * * If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy.’” Indeed, Mr. Justice Brandéis went on to say in Olmstead, “ To declare that in the administration of the criminal law the end justifies the means — to declare that the Government may commit crimes in order to secure the conviction of a private criminal—would bring terrible retribution. ’ ’
In the case before us, the confessions were obtained from the defendants not only while they were being unlawfully detained in violation of the arraignment provisions of our statute (Code Grim. Pro., § 165; Penal Law, § 1844),[1] but also after they had been illegally removed—for what reason does not appear — from the county jail.[2] ***In my view, “ the imperative of judicial integrity” (Elkins v. United States, 364 U. S. 206, 222; see, also, Cahn, The Sense of Injustice [1949], pp. 116-117), as well as the principle and rationale underlying the decision in Mapp (even though not its holding), condemn the confessions and call for their exclusion from evidence.
As judges of the State’s highest court — ever under the necessity of reconsidering an old and unsatisfactory court-made rule, at variance with concepts of justice and fair dealing (see, e.g., People v. Oakley, 9 N Y 2d 656 [voluntary confession sworn to before judicial officer excluded]; People v. Waterman, 9 N Y 2d 561 [voluntary confession obtained after indictment excluded]; People v. Spitaleri, 9 N Y 2d 168 [withdrawn plea of guilty excluded]; Bing v. Thunig, 2 N Y 2d 656, 667)—we *356 should not uphold confessions procured in violation of law. And, consonant with this, we should read into our prompt arraignment statute (Code Grim. Pro., § 165) the meaning we declined to give it some years ago (see People v. Mummiani, 258 N. Y. 394, 399-400; People v. Alex, 265 N. Y. 192, 194. Cf. McNabb v. United States, 318 U. S. 332; Mallory v. United States, 354 U. S. 449; Rogers v. Richmond, 365 U. S. 534, 540-541) and refuse to accept confessions obtained during the period of unlawful detention.
“ A democratic society, in which respect for the dignity of all men is central,” the Supreme Court declared in a case also dealing with confessions illegally secured,1 ‘ naturally guards against the misuse of the law enforcement process. * * * Legislation * * *, requiring that the police must with reasonable promptness show legal cause for detaining arrested persons, constitutes an important safeguard—not only in assuring protection for the innocent but also in securing conviction of the guilty by methods that commend themselves to a progressive and self-confident society. For this procedural requirement checks resort to those reprehensible practices known as the ‘ third degree ’ which, though universally rejected as indefensible, still find their way into use. It aims to avoid all the evil implications of secret interrogation of persons accused of crime. It reflects not a sentimental but a sturdy view of law enforcement.” (McNabb v. United States, 318 U. S. 332, 343-344, supra.) In other words, the requirement of prompt arraignment is in large measure prompted by the knowledge that “ The seeds of coercion sprout readily in the earth of illegal detention”. (Hennings, Detentions and Confessions: The Mallory Case, 23 Missouri L. Rev. 25, 31.)[3]
The purposes of the exclusionary rule are, of course, to deter law enforcement officials from violating the very law they are sworn to uphold and to engender respect for constitutional guarantee or statutory mandate “ in the only effectively available way — by removing the incentive to disregard it.” (Elkins *357 v. United States, 364 U. S. 206, 217, supra.) The circumstance that adoption of the rule may make it more difficult for police or prosecutors to gain convictions does not warrant its rejection. What is significant and decisive is that 1 ‘ the imperative of judicial integrity ’ ’ demands that the court should give sanction neither to illegal enforcement of the criminal law nor to the corrosive doctrine that the end justifies the means. (See Beisel, Control over Illegal Enforcement of the Criminal Law [1955], p. 1 passim; Hogan and Snee, The McNabb-Mallory Rule, 47 Georgetown L. J. 1, 30-31.)

. Section 165 of the Code is mandatory in its terms, providing that upon arrest the defendant “ must in all cases he taken before the magistrate without unnecessary delay”. (Italics supplied.) And section 1844 of the Penal Law, punishing wrongful delay in effecting an arraignment, recites that “A public officer 6 ® having arrested any person upon a criminal charge, who wilfully and wrongfully delays to take such person before a magistrate having jurisdiction to take his examination, is guilty of a misdemeanor.”

. There is no doubt in the present case of the unlawful detention or the illegal removal. Indeed, the trial court charged the jury, “as a matter of law ”, that the police “ had no legal right to remove ” the defendants from the jail and that “ the delay in arraigning [them] * * * was unreasonable and therefore illegal.”

. It is, perhaps, not amiss to point out that involuntary confessions have been held inadmissible “ not because such confessions are unlikely to be true but because the methods used to extract them offend an underlying principle in the enforcement of our criminal law”. (Rogers v. Richmond, 365 U. S. 534, 540-541.)