Chief Judge Desmond (dissenting).
This case was fairly and carefully tried and the guilt of each appellant was proven beyond any doubt which a reasonable mind could form. I see no ground at all for reversal.
The majority opinion recommends reversal because the trial court excluded testimony that McNair was beaten by the police during their investigation of this homicide and because the District Attorney, so it is said, afterwards improperly told the jury in his summation that McNair had not been subjected to such treatment. But McNair was not a defendant and proof as to the way he was dealt with by the police was quite irrelevant to any issue in this case. It did not become relevant just because the prosecutor made some cryptic side remarks which on close inspection can be construed as a suggestion that, since it had not been shown that McNair was beaten, probably defendants were not beaten, either. If this was an error, it was certainly a small one and should not be magnified into cause for reversal (Cede Orim. Pro., § 542). The law as to confessions was correctly charged to the jury.
Judge Fuld would have us make a brand new rule of evidence for New York State criminal trials, barring proof of any confession, even though voluntary, if made while the person admitting guilt is illegally confined, in violation of our prompt arraignment statutes (Code Grim. Pro., § 165; Penal Law, § 1844). I say that the adoption by us of such a new exclusionary rule of criminal evidence not only is not required by any known principle of constitutional law or natural law or morals but is a procedural innovation beyond our power to make.
It is a basic rule of evidence applicable to trials of every sort of issue that a voluntary admission against interest made to *358 anyone at any time anywhere is evidence against the person making it, of the fact so admitted (Cook v. Barr, 44 N. Y. 156). Since the time, place and circumstances of the admission bear on weight only and not on competency (Reed v. McCord, 160 N. Y. 330, 341), the mere fact that the statement was made while under arrest does not make it inadmissible (People v. Rogers, 18 N. Y. 9; People v. Perez, 300 N. Y. 208). In a criminal prosecution the defendant’s confession is the most acceptable and reliable evidence of guilt, superior in reliability, because of its source and because it is a direct acknowledgment of guilt, to any direct or circumstantial evidence of guilt from other sources (see People v. Bretagna, 298 N. Y. 323, 326, cert. den. 336 U. S. 919; Hopt v. Utah, 110 U. S. 574, 584, 585). Of course, an involuntary confession, because it is not the product of free choice but of fear, duress or promises and so not trustworthy (People v. McMahon, 15 N. Y. 384; People v. Buffom, 214 N. Y. 53, 57; People v. Joyce, 233 N. Y. 61) is proof of nothing (People v. Valletutti, 297 N. Y. 226, 231). But when an accused acting on his own will and judgment admits his guilt, the People of the State are entitled to use that confession as basis for a judgment of guilt. Voluntariness is logically and traditionally the only test (Wilson v. United States, 162 U. S. 613, 623).
That a confession is made during detention and under police questioning does not in law or in common sense make it involuntary (Murphy v. People, 62 N. Y. 590; People v. Perez, 300 N. Y. 208, supra). The fact that it is so made is a circumstance only, a piece of circumstantial evidence which with other circumstances attendant on its making may raise a question of fact as to whether it was in fact voluntary (Stein v. New York, 346 U. S. 156, 187). To protect citizens against prolonged and oppressive questioning our State and most other States (see list in McNabb v. United States, 318 U. S. 332, 342, n. 7) have statutes requiring that the arrested citizen be brought without unnecessary delay before a judicial officer. Such statutes, however, are not part of the law of evidence and do not regulate the admissibility of confessions. Recognizing this, our State like most of the others (except Michigan, see People v. Hamilton, 359 Mich. 410, and Texas, see Texas Code Crim. Pro., arts. 726, 727) has held consistently that violating these statutes in order to get a confession does not result in keeping out of evidence a *359 confession shown to have been in fact voluntary. This sound, logical and not unjust rule has been in force in our State at least since Balbo v. People (80 N. Y. 484 [1880]). Typical of the hundreds of New York cases announcing and applying it are People v. Trybus (219 N. Y. 18); People v. Mummiani (258 N. Y. 394); People v. Alex (265 N. Y. 192) and People v. Elmore (277 N. Y. 397). Numerous similar decisions from many other States are listed at 19 A. L. R. 2d 1331 and in footnotes 38 and 53 of Justice Fbaekeubteb’s opinion in Culombe v. Connecticut (367 U. S. 568, 590, 600). They all in one way or another express the same idea: that the fact of unlawful detention may be some sign of involuntariness but to make that fact alone a bar to testamentary use means that a truly voluntary confession will be kept out without even an inquiry as to its voluntariness.
In 1943 in McNabb v. United States (318 U. S. 332) the Supreme Court, overruling earlier authority (see Wilson v. United States, 162 U. S. 613, supra), “ drew upon its supervisory authority over the administration of * * * criminal justice ” in the Federal system to set up for the Federal courts only “an exclusionary practice” whereby those courts were thenceforth required to exclude from evidence “ any confession 1 made during illegal detention due to failure to carry a prisoner before a committing magistrate’” (Culombe v. Connecticut, 367 U. S. 568, 599, supra). Over and over again the Supreme Court has repeated that this new rule was procedural and evidentiary only, not required by constitutional due process, not made applicable to the States by the Fourteenth Amendment but solely an exercise of the Supreme Court’s power to supervise Federal criminal court practice (Gallegos v. Nebraska, 342 U. S. 55, 63, 64; Brown v. Allen, 344 U. S. 443, 476; Stein v. New York, 346 U. S. 156,187,188, supra; Cicema v. Lag ay, 357 U. S. 504). The court has told us that the purpose in McNabb (supra) was simply to provide and apply a sanction for subdivision (a) of rule 5 of the Federal Buies of Criminal Procedure and that the States are not obliged to accept that particular method. In view of these repeated explanations, I do not see how it can be argued from any general language in Federal decisions that we must or should change our old rule. Surely Mapp v. Ohio (367 U. S. 643) does not require such an alteration. Mapp says that illegality of a search and seizure requires *360 the return and nonuse of the evidence unlawfully taken from the citizen. The Fourth Amendment is, at least as now construed, a constitutionally imposed rule excluding certain evidence, so as to enforce the right of privacy. Nowhere in the Constitution or in any principle I know of is there to he found a similar mandate as to voluntary confessions. This is no Bing v. Thunig (2 N Y 2d 656) or People v. Spitaleri (9 N Y 2d 168) situation where it is within our competence as a court to revise a court-made rule found by experience not to work satisfactorily. In our State the admissibility of confessions and the requirement of and sanctions for prompt arraignment are covered by precise statutes (Code Grim. Pro., §§ 165, 395; Penal Law, § 1844). We know from the records which come before us that these statutes are frequently violated but such knowledge does not license us to add new meanings to them. No New York court has any such supervisory power over the administration of criminal justice as is exercised by the United States Supreme Court. If these well-known and frequently analyzed statutes are to be amended the change must, if we are to adhere to this State’s concept of decisions of governmental power, be made by the Legislature. There is now functioning a Temporary State Commission on Revision of the Penal Law and Criminal Code, set up by the 1961 legislative session.
All criminal law, substantive or procedural, has as its two purposes the protection of the individual citizen from unjust punishment and the protection of the community from unchecked crime. Serious indeed is the withholding by police or prosecutor of any part of this protection from a citizen who is under arrest. But serious, too, is the danger that punishing offending police or prosecutors by barring confessions made during contra-statutory detention will make protection of the community difficult or impossible. We simply have no right to keep from jurors evidence of a confession which is in fact voluntary. A policeman who violates the law as to the time and place of imprisoning citizens should be punished and, if present punishments are insufficient or impractical to enforce, new statutes should be enacted. But the punishment should not take the form of destroying sound, competent evidence.
We as a court have not been thwarted by any lack of power to strike down convictions founded on the use of confessions *361 where such use violates really fundamental rights (see, for instance, People v. Valletutti, 297 N. Y. 226, supra; People v. Leyra, 302 N. Y. 353, 1 N Y 2d 199; People v. Di Biasi, 7 N Y 2d 544; People v. Noble, 9 N Y 2d 571).
The judgments should be affirmed.
Judges Van Voorhis and Foster concur with Judge Burke; Judge Froessel concurs in result only; Judge Fuld concurs for reversal in a separate opinion; Chief Judge Desmond dissents in an opinion in which Judge Dye concurs.
Upon reargument: Judgments of conviction reversed and a new trial ordered.