The People of the State of New York, Respondent, *v.* Andrew Tuomey, Appellant.

Second Department, November 19, 1962.

*David Romanoff* for appellant.

*William Cahn, District Attorney* (*Beryl I. Dulsky* of counsel), for respondent.

Hill, J. Defendant was charged with breaking and entering a delicatessen store in Nassau County late Friday night, December 30, 1960, or during the early hours of the next morning, by breaking the front glass door and stealing $5 from the cash register.

On that morning defendant was apprehended by the police and was taken to the First Precinct Station House in Baldwin. There he remained from about 12:55 P.M. until 3:27 P.M., during which time he made both an oral and a written confession. At the trial defendant claimed that the confession had been extracted from him as the result of a severe beating administered to him by the police.

Defendant claims that a number of errors during trial deprived him of a fair trial. Only two of his contentions require extended consideration: (1) that, before reception in evidence of the confession, the trial court refused to allow defendant's counsel to show that it had been obtained from defendant as the result of severe beatings and that therefore it was not a voluntary confession; and (2) that the opportunity was denied him to prove through his parents that he (the defendant) had complained to them of such police brutality and that he had done so at the first opportunity he had had to complain to someone other than the police or other than those in apparent authority.

There can be little doubt that it is the law of this State that, where it is claimed that a confession is not voluntary, the defendant's counsel has the right to make a most searching examination before the confession may be submitted to the jury for its consideration. Here the defendant, a youth of 18 years, while he was in the custody of the police, was injured sufficiently to require treatment at a hospital. The police maintained that his injuries were caused by his falling down a flight of stairs. On the trial, before the oral confession was offered in evidence, the court denied to defendant a *voir dire* examination concerning the confession. The court ruled that the right to such a preliminary examination applied to a written confession, but not to an oral one.

In our judgment, such ruling was error and deprived the defendant of a fair trial (*People* v. *Doran*, 246 N. Y. 409; *People* v. *Fox*, 121 N. Y. 449). In the *Fox* case, Judge O'BRIEN, speaking for the court, said (pp. 453–454):

'' It frequently happens that the testimony is of such a character as to require the court to submit the question to the jury, to be rejected by them altogether or given such weight as under all the circumstances the jury may deem proper to give to the alleged confession. But when, as in this case, a written confession of guilt is offered against a person on trial for a criminal offense, and he objects to the same and offers to prove to the court that it was procured from him by threats, or promises, or under such circumstances as would render it incompetent as evidence, it is error to receive the paper without first hearing the proof offered and deciding upon the competency of the confession as evidence against the party making it. (*Commonwealth* v. *Culver*, 126 Mass. 464.)

'' When the paper in question was read to the jury, under the sanction of the court, without first hearing what the defendant had to allege against its competency, he was to that extent denied a fair trial, though the paper was received conditionally with the understanding that it should be stricken out of the case if it afterwards was shown to be incompetent.''

It is also our opinion that the trial court committed reversible error by excluding testimony that defendant, at the first opportunity, had complained to his parents of the alleged beatings by the police. The gravity of such error was emphasized by the fact that the examining doctor, although admitting that the defendant had complained to him that he had been beaten by the police, nevertheless in his report he (the doctor) failed to make any reference to such complaint about the police brutality.

As stated in a similar case (*People* v. *Alex*, 260 N. Y. 425, 428–429) :

" The Trial Judge charged that the jury could consider the written confession only in the event that they found that it was not made under the influence of fear produced by threats. That was a vital issue in the case. When that issue is involved, the question of whether a defendant made complaint of mistreatment at the first opportunity or within a reasonable time is material and relevant. It is of great assistance to the jury in determining whether a defendant's claim that a confession was induced by threats and fear is the truth or an afterthought, a concocted story to escape the effect of the confession. If complaint is not timely made, when it is made suspicion is aroused that it is a subterfuge.   *   *   *

" The refusal by the trial court to receive such testimony was highly prejudicial to the defendant and constitutes reversible error."

It follows, therefore, that the judgment of conviction should be reversed on the law and on the facts and a new trial ordered.

BELDOCK, P. J. (dissenting). In my opinion, the defendant's guilt was clearly established. The majority is of the opinion that the trial court erred in refusing to permit a *voir dire* examination with respect to the oral confession, although it allowed such procedure with respect to the written confession.

The rule is that a preliminary examination as to the voluntary nature of a confession should be allowed with respect to an oral as well as to a written confession (*People* v. *Giro,* 197 N. Y. 152; *People* v. *Holland,* 244 App. Div. 287). However, in the case at bar, the trial court in effect permitted such preliminary examination with respect to both the oral and written confessions.

It clearly appears that the oral confession was followed immediately by its reduction to writing. There was thus no lapse of time between the oral and written confessions. It is not claimed that one beating preceded and induced the oral confession and that another, separate beating induced the written confession. The defendant's claim is that the same beating preceded and coerced both. Therefore, the *voir dire* examination which was allowed as to the written confession was also the required *voir dire* examination as to the oral confession; and hence the defendant was not prejudiced.

My colleagues are of the further opinion that it was error to refuse to allow defendant's counsel to show that defendant had complained of the alleged beating to his father on January 1, 1961, and to his mother on January 4, 1961. Those are the dates

on which the parents first saw their son, the defendant; the beating allegedly occurred on December 31, 1960. Although evidence of complaints of police brutality at the first opportunity is material and relevant, and the refusal to receive such evidence is error (*People* v. *Alex*, 260 N. Y. 425), there was no error here. The record reveals that the first opportunity defendant had to complain was at the Meadowbrook Hospital on December 31; and Doctor Abbate (there in attendance) testified that defendant in fact did then complain about having been beaten. Another complaint to his father a day later, or to his mother three days later, does not add any substance to the first complaint, but is cumulative merely.

KLEINFELD, CHRIST and HOPKINS, JJ., concur with HILL, J.; BELDOCK, P. J., dissents and votes to affirm, with opinion.

Judgment reversed on the law and on the facts, and a new trial ordered.