John Cakroll Young, J.
This claim has been filed to recover damages alleged to have been sustained by claimant “ as the result of his false arrest, false imprisonment and illegal detention by the State of New York, its officers, agents and employees ”, It was timely filed and. has not been assigned or submitted to any other court or tribunal for audit or determination.
Claimant alleges that after he was arrested by a member of the New York State Police under a warrant issued by a Justice of the Peace of the Town of Lenox, Madison County, New York, for violation of subdivision 7 of section 401 of the Vehicle and Traffic Law he was not taken by said officer before a Magistrate as required by section 165 of the Code of Criminal Procedure, but instead was taken directly to the Madison County Jail and there incarcerated and deprived of his liberty for a period of time until he was released on bail.
The proof showed that on December 3, 196-2 while claimant was operating a truck owned by him in the Village of Canastota, Town of Lenox, Madison County, New York, he was given a traffic ticket requiring him to appear on December 5, 1962 at *61 9:30 a.m before Justice of the Peace Pbbbbtta, of said town at his court on Main Street, Canastota, New York, to answer a charge that his truck had excessive combined weight, a violation of subdivision 7 of section 401 of the Vehicle and Traffic Law. Under said law at said time, a person found guilty of this violation as a first offense was subject to a fine of not less than $100 nor more than $250 or by imprisonment for not more than 30 days or by both such fine and imprisonment.
Claimant appeared before Justice Pbbbbtta in obedience to said traffic ticket; he was advised by said Justice of the amount of such minimum fine in the event he were arraigned and pleaded guilty to the charge. As he did not have in his possession that amount of money available to pay the fine on that date, claimant’s arraignment on the charge was postponed, and he was permitted to leave and was allowed as testified by Justice Pbbbbtta in this case “ 'two or three days ” additional time to raise the money.
All of the evidence indicates that claimant at all times considered himself to be guilty of the offense charged; the information signed by the police officer who issued the traffic ticket states that the combined gross weight of claimant’s vehicle exceeded by 3,240 pounds the maximum gross weight certified on the New York State registration certificate for such vehicle; claimant requested and received from Justice Pbbbbtta extensions of time to obtain the amount of the required fine, and eventually, as hereinafter mentioned, pleaded guilty to the charge. No contention is made herein that claimant was not guilty and it is clear that he desired and intended at all times to plead guilty but his only concern was to obtain time to raise the amount of the minimum fine.
After being granted the “ two or three days ” time above mentioned, claimant later requested and obtained from Justice Pbbbbtta a further extension of ‘ ‘ two or three more days ’ ’ for the same purpose, but he did not appear or pay the fine at the end of the extended period. The Justice of the Peace called on the telephone and gave messages to claimant’s mother that the matter had to be disposed of, but claimant still failed to appear or to produce the required fine. The Justice conferred with the State Police in charge of the matter; several weeks passed and still claimant did not appear or communicate with the court.
On January 15, 1963 a warrant for claimant’s arrest on the charge described in the traffic ticket was issued by Justice Pbbbbtta ; in the lower left-hand corner of this warrant there was placed by Justice Pbbbbtta the legend “ Bail $100 ”. This warrant was in the possession of State Trooper May from on *62 or about January 15, 1963 until February 5, 1963 at about 11:00 a.m., when claimant was arrested by Officer May under such warrant on the highway near his home.
This police officer testified that from January 15 to February 5 he had made repeated efforts to serve this warrant on claimant, but had been unable to locate him although he had stopped at claimant’s home and found no one there. Finally, on February 5, 1963 after having again received no response to his knock at claimant’s home, he ostensibly left the premises, but stopped his police car at a point on the highway a short distance away from which he could observe claimant’s house; he stated that shortly thereafter claimant emerged from his house and proceeded onto the highway where he was intercepted by the State Police officer.
After arresting claimant, Officer May permitted him to drive his truck- — followed by the police vehicle — to a farm owned by claimant’s brother, to ascertain whether claimant could obtain from his brother the sum of $100 stated on the face of the warrant as the amount to be required for bail. His brother did not have the $100 to give him but told claimant he would obtain it for him.
Claimant thereupon left his truck at his brother’s farm, entered the police car and was taken to the Madison County Jail at Wampsville, New York, arriving there at about 12:15 p.m. on said February 5, 1963; he was there told by the State Police officer to remove his personal belongings from his pockets and place them on the desk in the jail office, and this officer then turned claimant over to the Madison County Sheriff who caused him to be locked in a cell where he remained until 2:10 p.m. on that day; at that time, his mother brought the sum of $100 to the Madison County Jail and paid it to the Sheriff whose receipt for said amount designating it as bail on said charge of “ infraction excessive combined weight 401-7 V. and T. Law ” was delivered to her with a notation that claimant was to appear February 11, 1963 at 10:00 a.m.
Claimant was thereupon released at 2:10 p.m. on February 5, 1963; this bail money was subsequently on February 7, 1963 forwarded by the Sheriff to Justice Pereetta as bail money.
On February 27, 1963 claimant appeared before Justice Pereetta and pleaded guilty to the charge of violation of said subdivision 7 of section 401 of the Vehicle and Traffic Law, and at the direction of claimant’s mother, the $100 bail money was applied in payment of his fine.
It seems that every possible consideration for claimant’s convenience was exercised by the Justice of the Peace and by the *63 police officers to enable claimant to raise the fine required and to avoid embarrassment.
Even after being granted two extensions of time before being arraigned on the charge of which he was guilty, claimant failed to co-operate with the court and attempted to evade the police; prior to his arrest under the warrant, the Justice of the Peace had informed claimant’s mother that the warrant had been issued, but still the claimant failed and neglected to appear voluntarily for arraignment and to pay the fine.
The testimony in this case showed that in instances where a person is arrested by police during hours when no Justice of the Peace is available to conduct an arraignment, the procedure is to hold the person in a “ police lock up ” until the arraignment can be made. The State Trooper who arrested claimant on February 5,1963 knew that Justice Perretta was in New York City on that date and he also knew that the only other Justice of the Peace of the Town of Lenox — one Garland Finn — worked at his regular employment during daytime hours, and was available for work as Justice of the Peace only during after-work hours.
The provision in section 165 of the Code of Criminal Procedure that the defendant be taken before a Magistrate without unnecessary delay does not mean immediately, but at the hour when the Magistrate would ordinarily be at his office or court; in the meantime, the defendant is entitled to give bail. (City of Buffalo v. Neubeck, 209 App. Div. 386.)
The claimant herein was afforded treatment in accord with the law as stated in the Neubeck case (supra) which held further that if defendant does not furnish bail he might be locked up until the opening of court; claimant actually was allowed to post bail and to secure his release several hours before Justice of the Peace Garland Finn would have have been in his office or court at the end of his working day. No “ unnecessary delay ” within the meaning of said section 165 resulted in this claimant’s case.
Moreover, it has been held that a party arrested, by stipulating to appear at a future day for his own convenience, and receiving a parole, waives the objection that he was not immediately taken before a Magistrate. (Nowak v. Waller, 56 Hun 647, 10 N. Y. S. 199, affd. 132 N. Y. 590.)
In effect, the Madison County Jail was utilized only as a “ police lockup ” until the orderly processes of the law could be continued in claimant’s case. It was immaterial under the facts in this case whether claimant was restrained at the County Jail or at a “ police lockup ” until such time as his bail money was paid; the courtesy extended to claimant by Justice Perretta and by the police is again evident in the fact that the amount of *64 his bail — being no more than the amount of the minimum fine that the law required — was indicated on the face of the warrant; this made possible claimant’s release as soon after his arrest as he could raise the bail money and constituted a further indication of the desire of all concerned to avoid embarrassment for claimant.
Under all the circumstances the court finds that claimant was not in any manner mistreated or deprived of his rights in this case.
Furthermore there was no proof that claimant sustained any damages which would constitute the basis of a valid claim herein.
The claim is dismissed.