437 P.2d 141

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Henderson MINOR, Defendant-Appellant.**
No. 8434.

Supreme Court of New Mexico.
Feb. 5, 1968.

William W. Deaton, Jr., Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

MOISE, Justice.

This is an appeal from an order denying appellant release from prison as sought by him in a motion filed under Rule 93 (§ 21–1–1(93), N.M.S.A.1953).

The record discloses that appellant was arrested on Sunday morning, January 27, 1957 at about 5:00 A.M., for investigation of a charge of rape. The next day he was interrogated by a detective from about 8:30 or 9:00 A.M. until approximately 11:00 A.M. when he signed a statement which had been typed by the detective. On February 12, 1957 he was given a preliminary hearing before a justice of the peace and was bound over to the district court where he was informed against and arraigned on the following day. A plea of not guilty was entered. A trial on the charges was held in May, 1957, resulting in a hung jury and, on October 22, 1957, he was again put on trial and convicted. At all court proceedings, including the preliminary and both trials, appellant was represented by counsel.

In addition to appellant, one Winfred Tate was charged with rape in the same information and was tried at the same time. Also, it appears that Tate, the co-defendant, gave a statement to the detective on January 28, 1957 in which, among other things, it is stated that appellant had slapped the prosecuting witness in order to get her to submit to him.

Appellant's principal attack on the procedure incident to his arrest, trial and conviction goes first to his detention without arraignment for an unreasonable time, during which he signed a statement he contends was inadmissible because of the delay, and, second, to the introduction in evidence of Tate's statement concerning appellant's conduct, without the court giving any cautionary advice or instruction concerning its consideration in arriving at a verdict as to appellant.

Appellant asserts that McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1942), holds that any confession or incriminating statement obtained while a defendant is unlawfully detained is inadmissible for that reason alone, without consideration of whether or not it was otherwise voluntary. In support of this statement, he cites Vorhauer v. State, 212 A.2d 886 (Del.1965); People v. Ubbes, 374 Mich.

571, 132 N.W.2d 669 (1965); People v. Hamilton, 359 Mich. 410, 102 N.W.2d 738 (1960).

■ Appellant calls our attention to certain language in State v. Lattin, 78 N.M. 49, 428 P.2d 23, 25 (1967), to the effect that under the rule in McNabb, supra, delay in taking a prisoner before a magistrate does not amount to a deprivation of rights unless prejudice results. We recognize McNabb as laying down a rule applicable in proceedings in federal court, but not binding on us. The same can be said of the later cases of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100 (1948).

■ However, we do not consider that the facts here merit or require our application of the same strict procedure. The confession was made by appellant promptly upon being interrogated, without any claim of threats, force or psychological pressure, and within thirty hours of arrest. Having determined that it was voluntary, the fact that appellant was not taken forthwith before a magistrate cannot be held to make the statement inadmissible. See Annot., 1 L. Ed.2d 1735, 1747 (1957); People v. Alex, 265 N.Y. 192, 192 N.E. 289, 94 A.L.R. 1033 (1934); Annot., 94 A.L.R. 1036 (1935). Additionally, it was not introduced in evidence. Aside from the fact of having made the statement while being held without arraignment, and having been questioned about it at trial without objection, no claim of prejudice is asserted. See State v. Lattin, supra.

A somewhat more perplexing problem is presented by the claim that appellant's constitutional rights were infringed because of the use of the statement of co-defendant Tate without any cautionary instruction that nothing contained therein could be considered as evidence against appellant.

■ First, it should be noted that the rules announced in State v. Tapia, 75 N.M. 757, 411 P.2d 234 (1966), have no application here. The defenses of the two defend-

682

ants were not antagonistic. Whether or not either defendant was guilty of rape turned on his own conduct, without consideration of what had been done by the other. In a situation such as is present here, where a statement of one defendant includes inculpatory facts concerning a co-defendant, the proper procedure is to admit the statement but to exclude from the jury's consideration all parts thereof damaging to the other defendant. State v. Alaniz, 55 N.M. 312, 232 P.2d 982 (1951). This may be done by an instruction to disregard the inadmissible portions, both when the statement is read to, or seen by the jury and, again, when the jury is instructed on the law of the case. See State v. Jeffords, 121 S.C. 443, 114 S.E. 415 (1922).

Next, we would observe that no objection was made by appellant to the introduction of the statement as being inadmissible and prejudicial as to him, and neither was an instruction requested to deny its consideration as to him. We have only recently held, in an appeal where the identical question was argued, that failure to object, or to request an instruction, amounts to a waiver. State v. Beachum, 78 N.M. 390, 432 P.2d 101 (1967). See, also, State v. James, 76 N.M. 376, 415 P.2d 350 (1966). We perceive of no reason why the rule should be different in a proceeding under Rule 93, supra.

A catch-all argument is advanced that the matters complained about constitute such fundamental error as to make mandatory the overturning of the conviction. Such a doctrine was recognized by this court in State v. Garcia, 19 N.M. 414, 143 P. 1012 (1914). However, we do not consider this to be a case requiring its application. Compare State v. Roybal, 76 N.M. 337, 414 P.2d 850 (1966); State v. Maestas, 76 N.M. 215, 413 P.2d 694 (1966); State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963).

The cause should be affirmed.
It is so ordered.

NOBLE and COMPTON, JJ., concur.