Jerome A. Mirabito, Esq. City Attorney, Fulton
You ask what constitutes unreasonable delay by a police department in bringing an arrested person before a judge for arraignment.
Criminal Procedure Law, §§ 120.90, 140.20 and 210.10 set forth specific pre-arraignment procedures to be followed by the police subsequent to an arrest either with or without a warrant. These provisions mandate that the defendant be brought by the arresting officer "without unnecessary delay" before a local or superior court for arraignment (Criminal Procedure Law, §§ 120.90[1], 140.20[1],210.10[2], [3]). Since no precise time limit has been established to determine what constitutes unreasonable delay under these sections, the permissible period must be determined by examining what is reasonable under the circumstances (Bellacosa, Practice Commentary, McKinney's Criminal Procedure Law, § 120.90, pp 152-153). It is not possible, therefore, to establish definite guidelines concerning the reasonableness of pre-arraignment detention, since the question of reasonableness is a factual inquiry dependent upon the circumstances of each case. We will, however, provide some general guidelines which may be of assistance to your police department in making determinations concerning pre-arraignment detention.
As noted, the statute requires that the defendant be brought "without unnecessary delay" for arraignment. The police have no discretion in carrying out this mandate and cannot delay arraignment to obtain a confession (see, People v Alex, 265 N.Y. 192, 195 [1934]; People vKelly, 8 A.D.2d 478, 481 [4th Dept, 1959]). There is only one qualification to this statutory time provision. After arrest, the mandated arraignment without unnecessary delay may be suspended for such time as is necessary for the arresting officer to perform all recording, fingerprinting and other preliminary police duties required (Criminal Procedure Law, §§ 120.90[6], 140.20[1], 210.10[3]; People vCunningham, 97 Misc.2d 618 [County Ct, Allegheny Co, 1978], affd without op 72 A.D.2d 674 [4th Dept, 1979]; Bellacosa, supra, § 140.20, p 298). This provision has been construed to mean that, in order to justify a delay in arraignment as a consequence of recording, fingerprinting or other preliminary police duties, such duties must be required under the facts of the case (People v Cunningham, supra, at 623). Thus, inCunningham the court found that a delay in arraignment caused by the fingerprinting of the defendant was justifiable, since fingerprinting was required to identify the defendant, who had given the police conflicting statements as to his identity (ibid. at 623, 624).
Once the police have completed these preliminary duties, the defendant must be brought for arraignment (Criminal Procedure Law, §§ 120.90,140.20, 210.10). Where completion of such duties occurs at a time when a judge is unavailable for arraignment, the courts have generally found compliance by the police with the statute where arraignment was held at the next regularly scheduled court session (see, People v Kelly, supra,
at 482; People v Lovello, 1 N.Y.2d 436, 438 [1956]; People v Vargas,7 N.Y.2d 555, 566, [1960]; Hilts v State of New York, 45 Misc.2d 59 [Ct Claims, 1965]).* In this context, it has been held that the phrase "without unnecessary delay" does not mean immediately, but means at the hour when the magistrate would ordinarily be at his office or court (Hilts v State of New York, supra). In Hilts, the court stated that the police were authorized to hold the defendant in "lock-up" until the opening of court (ibid. at 63). See, also, People v Vargas, supra, in which it was held that a delay in arraignment to the afternoon of the day that the defendant first could be arraigned is not unreasonable, but any delay thereafter would be unreasonable; People v Kelly, supra, in which it was held that a delay in arraignment at the pleasure of the police for an extended time during which the court was twice in session was unreasonable.
While violation of the right to prompt arraignment does not warrant dismissal of the criminal action, if facts are shown establishing that during the period of unnecessary delay there has been an exploitation of the process to prejudice the rights of the defendant, the sanction of suppression of evidence may be imposed (Bellacosa, supra, pp 153, 299). Thus, for example, where the police delay arraignment for the sole purpose of procuring a defendant's statement, the sanction may be warranted (ibid.).
We conclude that, after completing preliminary police duties required in the particular case, the police must without unnecessary delay bring an arrestee before a judge for arraignment. Unnecessary delay may be established where, after completing such duties, the police fail to bring the arrestee to the next regularly scheduled court session for arraignment.
* For special provisions where arraignment is unavailable in town or village courts or in the situation involving a warrantless arrest for an offense other than a felony, see Criminal Procedure Law, §§120.90(5), 140.20(1)(a), (b), (3).