John W. Park, Esq. County Attorney, Ontario
You have asked the following question:
 "When a defendant is arrested pursuant to superior court warrant for arraignment under felony indictment, or for failure to appear subsequent to arraignment pursuant to court directions, and if the Court is in adjournment at the time of arrest, is the Sheriff authorized to retain custody of the defendant pursuant to the warrant, without further order of commitment, [while waiting] to deliver the defendant to the superior court in which the warrant is returnable without unnecessary delay?"
Your letter notes that the question arose out of an arrest on a felony warrant issued by the county court. The sheriff's deputy could not take the individual to county court for arraignment because the court was not in session. The sheriff's present policy is that an individual cannot be admitted to the county jail without a commitment order. The county does not have a lockup, or other temporary holding facility, and the question has arisen as to the proper procedure.
The Criminal Procedure Law provides that when a person is arrested, whether without a warrant, or pursuant to an arrest warrant or bench warrant, he must be brought before a judge for arraingment or the "return" on the bench warrant, "without unnecessary delay" (Criminal Procedure Law, §§ 120.90, 140.20, 210.10). When the person is arrested during a time when the appropriate court is not in session, or if the judge is not available (e.g., after 5 p.m. or on weekends), courts have recognized that he may remain in the custody of the sheriff, or other law enforcement agency, for a reasonable time until the court is in session again (see People v Wynn, 102 Misc.2d 785 [Sup Ct, N Y Co, 1980]; Hilts vState of New York, 45 Misc.2d 59 [Ct Claims, 1965]; 1983 Op Atty Gen [Inf] 196). Typically, such an individual would be held in a lockup, holding pen, or some other facility designed for short-term confinement.
The sheriff's authority to retain custody over these pre-appearance detainees,* however, does not permit him to confine them in the county jail without an order of commitment from a judge (Correction Law, § 500-a). A defendant can be confined to the county jail only after an order of commitment has been issued (ibid.). Section 500-a of the Correction Law describes four categories of persons who may be confined to a county jail: 1) persons committed to secure their attendance as a witness in a criminal proceeding; 2) persons held on a criminal charge and committed for trial or examination; 3) persons committed for contempt or upon civil process; and 4) persons convicted of a crime and sentenced thereto (Correction Law, § 500-a). Pre-appearance detainees are not among those enumerated. The sheriff, as chief administrative officer of the county jail, is charged with the duty to "receive and safely keep in the county jail each person lawfullycommitted to his custody pursuant to the provisions of sections five hundred-a and five hundred four [of the Correction Law] and any other applicable provisions of law" (id., § 500-c[4] [emphasis supplied]; 1974 Op Atty Gen [Inf] 176).**
The Practice Commentary to these Correction Law provisions notes that absent a lawful commitment order a detainee may not be confined to a county jail:
 "In the past, several localities have considered using the local county jail for pre-arraignment detention, thereby eliminating the need for and cost of operating a lockup. Although cities and other municipalities are not required to operate lockups, Correction Law §§ 500-a and 500-c preclude them from housing detainees in the local county jail until such detainees have appeared before a judge for lawful commitment" (Pelgrin, Practice Commentary, McKinney's Correction Law, § 500-a, 1987 Supp, pp 199-200; see also, 9 NYCRR §§ 7000.1, et seq.).
Thus a commitment order, issued by a judge or magistrate, is necessary before a pre-appearance detainee can be committed to the county jail. There must be some manner of court appearance before the defendant can be committed to county jail, whether it be an arraignment, the return on a bench warrant, or a securing order under CPL, § 510.10. Commitment prior to appearance would be improper inasmuch as it denies defendant the opportunity to explain his actions, or his absence from court (see 1932 Op Atty Gen [Inf] 323).
We conclude that persons in the sheriff's custody pursuant to an arrest or bench warrant may not be confined in the county jail prior to their court appearance and without an order of commitment.
* "Pre-appearance detainees" refers to persons who have been arrested either without a warrant, pursuant to an arrest warrant, or pursuant to a bench warrant and who are waiting the next scheduled court session, to appear for arraignment or return on the bench warrant, as the case may be.
** Section 500-c(4) is effective only until September 30, 1987. Successor legislation is currently under consideration by the Legislature.